[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 28, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-15209
Non-Argument Calendar

_____

D. C. Docket No. 04-00182-CR-ORL-18-KRS

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

versus

MAX FREDERICK GRAY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(June 28, 2006)**

Before ANDERSON, BIRCH and CARNES, Circuit Judges.

PER CURIAM:

The government appeals Max Frederick Gray's 72-month sentence imposed

for distribution of child pornography in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and (b)(1).  We affirm.

During an investigation into a child pornography Web site, an undercover officer received three emails containing images of child pornography from the screen name "Tenabo Inc."  After determining that the screen name belonged to Gray, the officer obtained and executed a search warrant for Gray's residence.  Gray directed the officer to "the disk with the pictures of the children under 18 years of age performing sexual acts."  A forensic analysis of Gray's computer revealed more than 300 images of child pornography, some of which depicted prepubescent children, and three images of child pornography that Gray had sent to the undercover officer.  Gray admitted that he had been downloading sexually explicit images of children for about five years and had sent images through the Internet to an individual in Ohio.

A federal grand jury indicted Gray for one count of distribution of child pornography in violation of §§ 2252(a)(2)(A) and (b)(1) and one count of possession of child pornography in violation of §§ 2252(A)(a)(5)(B) and (b)(2).  Gray initially pleaded not guilty to the charges but later requested a change of plea hearing for which he failed to appear.  The district court issued a bench warrant for his arrest.

Gray was arrested in Indiana on November 29, 2004. Gray was in a vehicle at a truck stop, broadcasting on a radio that he had a firearm for sale. Police arrived at the scene and attempted to negotiate with him. During the negotiations, Gray held a semi-automatic handgun to his head and told the officers that he had missed his change of plea hearing. Gray ultimately surrendered and was handcuffed without incident. He was arrested for disorderly conduct and resisting law enforcement.

The government filed a motion for Gray to undergo a competency examination based on the nature of his arrest, and the district court granted the motion. Gray's evaluation indicated that he suffered from a depressive disorder and appeared to meet the criteria for dysthymic disorder, a chronic mood disorder. He admitted attempting suicide on four separate occasions. The competency examiner concluded that Gray did not suffer from a severe mental disorder or defect that would preclude his ability to understand the nature and consequences of the proceedings against him or to assist his attorney in his own defense.

On April 27, 2005, Gray pleaded guilty to one count of distribution of child pornography pursuant to a plea agreement. The mandatory minimum term of imprisonment for the offense is five years and the maximum term is twenty years. 18 U.S.C. § 2254(b)(1). At sentencing, Gray raised no objections to the contents

3

of the pre-sentence investigation report (PSI) and explained that he was a 64-year-old man who had a history of health problems and who was recently discharged from the hospital because of a heart condition. Gray explained that he had never molested a child and except for a few matters in his criminal history that were so old they could not be scored, he has been a law-abiding citizen. Gray stated that he had cooperated with the authorities, giving them a complete statement and accepting full responsibility for his actions. "[I]t was a bad decision on my part . . . but I am the one that made that decision, so . . . it's up to me now to pay the price for making that choice." Gray said that he was so troubled by his criminal conduct and conviction that he had attempted to commit suicide the day of his arrest in Indiana. He stated that during the incident he had only pointed a weapon at himself.

In determining Gray's sentence, the district court considered that Gray had set up a screen name to carry out his offense, possessed as many as 300 child pornography images, distributed some images, and failed to attend his plea hearing. The court also explained that it would "take into consideration [Gray's] age, [his] prior minimal record, [his] medical condition, and . . . [would] form a sentence which it [felt was] reasonable under the circumstances." Finding Gray's base offense level to be 34 and his criminal history category to be I, the court indicated

that Gray's guidelines range was 151 to 188 months imprisonment. The court sentenced Gray to 72 months imprisonment, to be followed by three years of supervised release. The government objected to the sentence as being unreasonable.

The government contends that Gray's 72-month sentence is unreasonable because the district court failed to give adequate weight to the guidelines range or the factors set forth in 18 U.S.C. § 3553(a). We review a district court's sentence for reasonableness in light of the § 3553(a) factors. United States v. Booker, 543 U.S. 220, 261, 125 S. Ct. 738, 765–66 (2005); United States v. Talley, 431 F.3d 784, 785–86 (11th Cir. 2005). We must determine whether the sentence imposed by the district court "fails to achieve the purposes of sentencing as stated in section 3553(a)." Talley, 431 F.3d at 788. We have stated that "there is a range of reasonable sentences from which the district court may choose." Id.

In United States v. Williams, 435 F.3d 1350 (11th Cir. 2006), this Court held that under the circumstances of that case a sentence less than half of the low end of the guidelines was reasonable. Id. at 1353, 1356. The defendant was a career offender convicted of selling $350 worth of crack cocaine. Id. at 1351–52. The district court sentenced him to 90 months imprisonment, well below the applicable guidelines range of 188 to 235 months. Id. at 1351–53. We noted that the court

5

was not required to state on the record that it had considered each § 3553(a) factor or to discuss each factor. Id. at 1353–54. We explained that "the district court's statements over the course of the sentencing hearing show it weighed the factors in § 3553 and took into account Williams' individual history and the nature of the charge against him when it determined to sentence him to a lower term." Id. at 1355. We reasoned that this was "not a case where the district court imposed a non-Guidelines sentence based solely on its disagreement with the Guidelines." Id. Rather, "the district court correctly calculated the Guidelines range and gave specific, valid reasons for sentencing lower than the advisory range." Id.

Here, the district court gave specific, valid reasons for imposing a sentence that was lower than the guidelines range. See Williams, 435 F.3d at 1355. The court's statements at sentencing reflect that it took into account Gray's age, his prior minimal criminal record, and his medical condition. These are all valid considerations because they relate to the "history and characteristics of the defendant." See 18 U.S.C. § 3553(a)(1). The court weighed these factors against "the nature and circumstances of the offense" and decided to impose a non-guidelines sentence. See id. There is no indication that the court imposed the lower sentence solely because it disagreed with the guidelines. See Williams, 435 F.3d at 1355. Rather, the court's statements show that it believed the 72-month

6

sentence to be reasonable. Although Gray's sentence is less than half the 151 months that defines the bottom of the guidelines range, under the circumstances and given the district court's explanation we cannot say that is unreasonable in light of the § 3553(a) factors.

AFFIRMED.