[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPT 25, 2006
THOMAS K. KAHN
CLERK

No. 06-10117
Non-Argument Calendar
_____

D.C. Docket  No. 05-00060-CR-ORL-22DAB

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

versus

ORVILLE MULLINGS,
a. k. a. Mark Walker,
a. k. a. Devonte Beullah,
a. k. a. Jamar Rushman,
a. k. a. Andre Saunders,
a. k. a. Carlos Roberto,
a. k. a. James Saunders,
a. k. a. Jacob Brooks,
a. k. a. Dean Johnson,
a. k. a. Kerry Reid,
a. k. a. Orane Taylor,
a. k. a. Dwayne Richardson,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(September 25, 2006)**

Before EDMONDSON, Chief Judge, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

The government appeals Orville Mullings's 60-month sentence imposed after he pled guilty to conspiracy to engage in money laundering, in violation of 18 U.S.C. § 1956(h).[1] Reversible error has been shown; we vacate Mullings's sentence and remand for additional proceedings.

Mullings's plea agreement contained a factual summary stating, among other things, that, for a few years, Mullings obtained marijuana in Arizona and California to resell in Florida. After selling the marijuana in Florida, Mullings sent money back to the sources of his marijuana supply. In total, Mullings and his organization were responsible for laundering $2,500,000 in drug proceeds through wire transfers, body couriers, and bulk money shipments.

Although Mullings's pre-sentence investigation report ("PSI") stated that Mullings and his organization laundered $2,500,000 as part of their drug smuggling operation, the PSI acknowledged that the total amount of marijuana involved in the operation could not be determined. The PSI explained that the

---

[1] Mullings's indictment charged him and five other people with 51 counts of offenses arising from their participation in a marijuana trafficking and money laundering operation, including conspiracy to distribute 50 kilograms or more of marijuana. After Mullings agreed to plead guilty to conspiracy to commit money laundering, the government moved to dismiss the remaining charges against him.

Sentencing Guideline for a violation of 18 U.S.C. § 1956(h) is U.S.S.G. §

2S1.1(a)(1), which provides that, in determining a defendant's base offense level,

the offense level for the underlying offense, if the defendant would be accountable

for the underlying offense as relevant conduct, should be used. The PSI stated

that, because the amount of marijuana distributed by Mullings and his

organization could not be determined in this case, the offense level for Mullings's

underlying offense of conspiracy to distribute marijuana would not be used.

Instead, the PSI noted that, pursuant to U.S.S.G. § 2S1.1(a)(2), when the

offense level of the underlying offense cannot be determined, the defendant's base

offense level is 8 plus the number of offense levels (from the table in U.S.S.G. §

2B1.1) corresponding to the value of the laundered funds. Using this calculation

method, the PSI assigned Mullings a base offense level of 24 under U.S.S.G. §§

2S1.1(a)(2) and 2B1.1(b)(1)(I).[2] After applying enhancements, the PSI assigned

Mullings a total offense level of 35 and determined that his Guidelines range was

168 to 210 months' imprisonment.

At Mullings's sentencing hearing, the district court adopted the factual

statements in the PSI. After sustaining some of Mullings's objections to the PSI's

---

[2] Because the PSI determined that the value of the laundered funds was $2,500,000, the PSI relied on U.S.S.G. § 2B1.1(b)(1)(I), which applies to losses greater than $1,000,000 but not exceeding $2,500,000.

calculation of his offense level, the court concluded that Mullings's total offense level was 31 and that his Guidelines imprisonment range was 108 to 135 months.[3]

The district court then sentenced Mullings to 60 months' imprisonment.[4] The court noted that, after considering the advisory Sentencing Guidelines and the factors identified in 18 U.S.C. § 3553(a), the sentence imposed was sufficient but not greater than necessary to comply with the statutory purposes of sentencing. The district court also said these things:

> While the [c]ourt is bound to consider the sentencing guidelines
> affecting the money laundering count, the [c]ourt feels that the
> marijuana conspiracy would be the more appropriate guideline and
> has taken that into consideration in fashioning a sentence. While the
> [c]ourt understands that it is important for the Internal Revenue
> Service to be able to get funding from [C]ongress, that is a factor that

---

[3]The PSI applied enhancements to Mullings's base offense level, including, among other things, a two-level enhancement because the offense involved sophisticated laundering and a four-level upward adjustment because Mullings was the organizer of criminal activity that involved five or more participants. The district court concluded that the sophisticated laundering enhancement did not apply; and the court also determined that Mullings should receive a two-level upward adjustment as a manager or supervisor of criminal activity instead of the four-level adjustment recommended by the PSI.

[4]Before the district court imposed its sentence, Mullings asked the court to consider that he pled guilty to the major count in his indictment, that he was expecting -- but did not receive -- a motion by the government for a reduction in his sentence based on his substantial assistance, and that he was trying to change the direction of his life by becoming an entertainer. The government responded that Mullings did not provide information that was of substantial assistance to the government's investigation and, about Mullings's claim that he was trying to take a new direction in his life, the government asserted that Mullings bought a recording studio with the proceeds of his drug trafficking operation.

4

the Court should not take into consideration in fashioning a reasonable sentence for Mr. Mullings.[5]

On appeal, the government contends that Mullings's sentence was unreasonable because the sentence was well below his Guidelines range calculated under U.S.S.G. § 2S1.1(a), which is the Guideline applicable to the offense of conspiracy to commit money laundering.[6] The government also asserts that, if the district court determined Mullings's sentence based on his underlying crime of conspiracy to distribute marijuana, the court erred in not making a finding about the marijuana quantity attributable to Mullings or determining a Guidelines range based on the marijuana conspiracy.

We review a district court's interpretation of the advisory Sentencing Guidelines de novo and its factual findings for clear error. United States v. McVay, 447 F.3d 1348, 1352-53 (11th Cir. 2006). After the Supreme Court's decision in United States v. Booker, 125 S.Ct. 738 (2005), "the district court remains obligated to consult and correctly calculate the Guidelines, after which it may impose a more severe or more lenient sentence as long as it is reasonable."

---

[5] The transcript of Mullings's sentencing hearing does not provide additional context for the district court's comment about funding for the Internal Revenue Service.

[6] The government does not challenge the district court's calculation of Mullings's Guidelines range as 108 to 135 months.

United States v. Pope, --- F.3d ---, No. 05-11552, manuscript op. at 7 (11th Cir. Aug. 22, 2006).

Therefore, when reviewing a district court's decision to sentence a defendant below his Guidelines range, we review whether the district court correctly calculated the Guidelines range and whether the court gave "specific, valid reasons for imposing a sentence that was lower than the [G]uidelines range." United States v. Gray, 453 F.3d 1323, 1325 (11th Cir. 2006); see also Pope, manuscript op. at 11 ("[T]he district court remains obligated to calculate the correct Guidelines range, and as part of that obligation, the court may not disregard individual Guidelines or construe them in a manner inconsistent with Congress's intent as expressed in the Guidelines, even if the ultimate range based on those Guidelines is advisory in nature."). In addition, we review a sentence for reasonableness in the light of the factors set out in 18 U.S.C. § 3553(a). United States v. Winingear, 422 F.3d 1241, 1244-46 (11th Cir. 2005).

In this case, the district court determined that Mullings's Guidelines range was 108 to 135 months' imprisonment, which was calculated from his base offense level under U.S.S.G. §§ 2S1.1(a)(2) and 2B1.1(b)(1)(I) for committing an offense that involved $2,500,000 in laundered funds. But, at sentencing, the district court judge stated that, although she was obligated to consider this

Guidelines range, the court felt that marijuana conspiracy was "the more appropriate [G]uideline," which would be considered in determining Mullings's sentence.

The district court did not identify which Guideline applied to Mullings's marijuana conspiracy, what the Guidelines range for Mullings's marijuana conspiracy was, or how the court calculated this range. In addition, the district court did not discuss the quantity of marijuana attributable to Mullings, which the PSI had noted could not be determined. Although the district court indicated that it considered the section 3553(a) factors, the court did not explain how it determined that these factors affected Mullings's sentence. Therefore, we cannot provide meaningful appellate review of the reasonableness of Mullings's sentence; and we vacate Mullings's sentence and remand this case to the district court for resentencing.

VACATED AND REMANDED.