[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 06-16544

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 28, 2007
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-00012 CR-ORL-31-DAB

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

versus

ROBERT MCBRIDE,

Defendant-Appellee,

————————————————————

Appeal from the United States District Court
for the Middle District of Florida

————————————————————

**(December 28, 2007)**

Before EDMONDSON, Chief Judge, DUBINA, Circuit Judge, and STORY,[*]
District Judge.

—————————

[*]Honorable Richard W. Story, United States District Judge for the Northern District of Georgia,
sitting by designation.

PER CURIAM:

In this child pornography case, the government appeals Robert McBride ("Defendant")'s 84-months' sentence on the grounds that the district court committed clear error in weighing the § 3553(a) factors and imposed an unreasonable sentence. Because the district court did not commit a clear error in judgment in imposing the sentence, we affirm the sentence.

Background

Defendant pleaded guilty to one count of distributing child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(B), following an investigation by United States Immigration and Customs Enforcement ("ICE"). During the investigation, 981 images of child pornography and 45 videos were found in Defendant's residence. Defendant admitted that the pornography belonged to him.

In preparing the Presentence Investigation Report ("PSI"), the probation officer calculated a base offense level of 22 pursuant to U.S.S.G. § 2G2.2(a)(2). Defendant qualified for enhancements: (1) a two-level enhancement because the material involved a prepubescent minor; (2) a two-level enhancement because the offense involved distribution; (3) a four-level enhancement because the material

2

portrayed sadistic or masochistic conduct; (4) a two-level enhancement because the offense involved a computer; (5) a five-level enhancement because the offense involved more than 600 images. The probation officer also included a three-level reduction for acceptance of responsibility. Defendant's final adjusted offense level was 34. Taking into account Defendant's clean criminal record, the sentencing guideline range was 151-188 months' imprisonment.

The offense carried a statutory maximum sentence of 20 years' imprisonment and a minimum sentence of 5 years' imprisonment. 18 U.S.C. § 2252(b)(1). Under 18 U.S.C. § 3583(k), the maximum term of supervised release was life. The minimum term of supervised release was 2 years. U.S.S.G. § 5D1.2(b)(2). The probation officer noted that the "Term of Supervised Release (Policy Statement)" in § 5D1.2(b)(2) recommended the maximum life term for supervised release because the offense was a sex offense.

Defendant was referred for a psychosexual evaluation. The report detailed that at age 2, Defendant's father was murdered. Around the age of 2, Defendant incurred severe injuries—including a severed intestine, burns, bruises, and a broken arm—at the hands of his uncle and mother. Defendant was then sent to live with his grandfather, who sexually abused him until Defendant was removed

3

from the home at age 12. Defendant entered the foster system until he was an adult.

At age 16, Defendant pleaded guilty to two counts of lewd acts on a child. One incident involved a 4-year-old girl; the other a 3-year-old girl. Following the incidents, Defendant underwent a 30-day assessment and was placed in a residential treatment program for adolescents. During his treatment sessions, Defendant failed polygraph exams and admitted to these things: (1) performing oral sex on a 9-year-old boy at age fourteen and having the boy perform oral sex on him; (2) molesting about 5 girls at his church and his workplace at a fast-food restaurant; (3) exposing himself to a 5-year-old boy at age eighteen; (4) watching a 3-year-old girl play naked and later masturbating to the memory; (5) watching a ten-year-old girl play naked and later masturbating to the memory; and (6) placing himself in areas where young children congregated, in violation of a court order. Defendant remained in some form of state custody until the age of 20. In 2003, Defendant was arrested and found to be taking pictures of 3-to-5-year-old girls.

During the pre-sentencing interview with the psychologists, Defendant admitted to being sexually attracted to children 55% of the time. He strongly agreed with the statements, "Some men sexually assaulted children because they really thought the children would enjoy how it felt," and, "Many men sexually

4

assaulted children because of stress and molesting helped to relieve that stress."
He expressed a desire to be treated in a residential treatment program.

Defendant was diagnosed as a pedophile. The psychologists' report concluded that Defendant should be sentenced to an extended period of probation so that he could be supervised and receive follow-up treatment. Defendant had no objections to the contents of the letters from the mental health professional who detailed his past history and diagnosed his condition.

The district court adopted the factual findings as contained in the PSI and agreed that 151 to 188 months' imprisonment was the appropriate guidelines range. The court also listened to statements by defense counsel recounting Defendant's personal history—namely, that his father was murdered, his mother and uncle physically abused him, his grandfather sexually abused him, and he was transferred around to many foster homes. Defendant claimed he suffers from several health problems, such as anxiety, depression, post-traumatic stress disorder, and conduct disorder. Defendant admitted that he had not always been completely truthful, but contended that his denials were psychological and would be dealt with in treatment.

Defendant said he wanted to receive treatment and pointed out one two-year program, operated by the Bureau of Prisons, that was supposedly very

effective. The program only has 120 beds, and several thousand people had asked to enter the program. Defendant requested a sentence below the guideline range and recommended a sentence of 5 to 7 years so that he would have time to wait for and complete the treatment program.

The government pointed out that Defendant had committed a very serious offense and that children and the public needed protection. The government also pointed out that past treatment programs had failed and that protection of children was a "very, very strong factor." The government also noted that, since Defendant's latest release from residential treatment, Defendant had rubbed up against several young children at an amusement park and lied to the psychologist about it.

The court sentenced Defendant to 84 months' imprisonment followed by a ten-year period of supervised release. The court stated that it had considered the advisory guidelines and the 18 U.S.C. § 3553(a) factors and that the sentence would allow sufficient time for Defendant to complete the sexual treatment program. The government objected; Defendant did not. On appeal, the government argues that the district court imposed an unreasonable sentence.

Discussion

Under Booker, this Court must review sentences for reasonableness in the light of the factors listed in 18 U.S.C. § 3553(a). 125 S. Ct. 738, 765-66 (2005).[1] The sentence must be sufficient but not greater than necessary to achieve the purposes of 18 U.S.C. § 3553(a)(2). "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both [the] record and the factors in section 3553(a)." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). "Review for reasonableness is deferential." Id.

This Court has established a two-part process for district courts to determine an appropriate sentence following Booker. The court must consult and correctly determine the sentencing range prescribed by the Sentencing Guidelines. Id. at 786. The court must then impose a reasonable sentence in the light of the factors enumerated in 18 U.S.C. § 3553(a). Id.  We have regularly said that a district court need not account for every § 3553(a) factor, nor must it discuss each factor and the

---

[1]These factors are to be considered: (1) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (2) the need for deterrence; (3) the need to protect the public; (4) the need to provide the most effective correctional treatment or medical care; (5) the nature and circumstances of the offense; (6) the history and characteristics of the defendant; (7) the Sentencing Guidelines range; and (8) the need to avoid unwanted sentencing disparities. 18 U.S.C. § 3553(a).

role that it played in sentencing.  See, e.g., id. at 786; United States v. Robles, 408 F.3d 1324, 1328 (11th Cir. 2005).

Here, the government does not allege that the district court committed a procedural error.  The government concedes that "the district court correctly calculated [Defendant's] sentencing guidelines range." It also acknowledges that the district court considered a number of the § 3553(a) factors.  The district court also specifically found that the 84-months sentence "would be sufficient but not greater than necessary to accomplish [the] purposes [of sentencing]."

The government's challenge rests on the contention that the district court's order was substantively unreasonable.  Although we accept that a sentence may be unreasonable even where the district court followed the proper sentencing procedure,[2] an appellate court should not simply substitute its judgment for that of the sentencing court.  United States v. Melvin, 187 F.3d 1316, 1323 (11th Cir. 1999) ("[I]t is not the role of an appellate court to substitute its judgment for that of the sentencing court as to the appropriateness of a particular sentence." (quoting Williams v. United States, 112 S. Ct. 1112, 1121 (1992) (alteration in original)).

---

[2]In United States v. Hunt, 459 F.3d 1180, 1182 n.3 (11th Cir. 2006), we stated "a sentence may be substantively unreasonable, regardless of the procedure used."  In Hunt, however, the defendant did not challenge the sentence on substantive grounds, but claimed only that the sentencing procedure used by the district court was unreasonable. Id.

8

The government argues that, although the district court discussed many of the § 3553(a) factors, it failed to give proper weight to some while overemphasizing others. Even if we were to disagree with the weight that the district court gave to Defendant's history of abuse, we will only reverse a procedurally proper sentence if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." United States v. Williams, 456 F.3d 1353, 1363 (11th Cir. 2006).

Whatever sentence we might have imposed, we do not believe an 84-months' sentence lies outside the range of reasonable in this case. The sentence exceeds the statutory minimum by some years. The district court explicitly discussed a number of the § 3553(a) factors, including the goal of protecting the public. In announcing Defendant's sentence, the court stated that the sentence provides for "a significant term of incarceration to account for his misconduct and the seriousness of the offense and, frankly, to keep him off the streets for that period of time so that he will not be in a position to repeat this conduct in society." About Defendant's own history, the district court also said that the Defendant "has perhaps one of the worst histories that I have seen since being on the bench, being

9

essentially abandoned by his family and then consistently abused." We cannot conclude that the district court committed clear error in judgment in determining that a sentence considerably less than the Sentencing Guidelines' recommended range was appropriate.

Unlike the sentences in Crisp and Martin, the sentence in this case involves significant time in prison and a 10-year period of supervised release. See United States v. Crisp, 454 F.3d 1285 (11th Cir. 2006) (vacating a sentence of 5 years' probation and 12 months' home confinement where the Sentencing Guidelines' range was 24-30 months' incarceration); United States v. Martin, 455 F.3d 1227 (11th Cir. 2006) (vacating a 7-day sentence where the guidelines' range was 108-135 months' imprisonment). By the way, the 84-months' sentence in this case is a year longer than the 72-months' sentence we affirmed in United States v. Gray, where the Defendant was also charged with distribution of child pornography and was subject to the same Sentencing Guidelines' range. 453 F.3d 1323, 1325 (11th Cir. 2006) ("Although Gray's sentence is less than half the 151 months that defines the bottom of the guidelines range, under the circumstances and given the district court's explanation we cannot say that is unreasonable in light of the § 3553(a) factors.").[3]

AFFIRMED.

---

[3]We do not say that Gray controls this case.

DUBINA, Circuit Judge, dissenting:

Though I agree with the majority that the district court followed the proper procedures in calculating the Guidelines range and considering the 18 U.S.C. § 3553(a) factors, I disagree with the majority's conclusion that the sentence imposed is substantively reasonable, and thus, I respectfully dissent.

In *Gall v. United States*, 552 U.S. ___ (2007), the Supreme Court made it clear that appellate courts must undertake a two-part process in reviewing the sentence imposed by the district court. First, the appellate court must determine whether or not the proper procedures were followed by the district court. *Id.* at ___ (slip op. at 7). Second, "the appellate court should then consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Id.* "In reviewing the reasonableness of a sentence outside the Guidelines range, appellate courts may . . . take the degree of variance into account and consider the extent of a deviation from the Guidelines." *Id.* at ___ (slip op. at 6).

In this case, the district court chose to depart from the Guidelines range of 151-188 months imprisonment and instead sentenced the defendant to 84 months imprisonment. Furthermore, in spite of the fact that the Guidelines recommended a lifetime term of supervised release, the district court chose to impose a 10-year term of supervised release. I believe that both the term of incarceration and the

11

term of supervised release are substantively unreasonable given the facts of this case.

First, 84 months of imprisonment is unreasonable because the district court unjustly fixated on the defendant's horrific childhood. In *United States v. Crisp*, 454 F.3d 1285, 1292 (11th Cir. 2006), this court stated that "courts have found that a district court's unjustified reliance upon any one 3553(a) factor is a symptom of an unreasonable sentence." (internal quotations and citations omitted). The court went on to state that "[t]he district court focused single-mindedly on the goal of restitution to the detriment of all the other sentencing factors. An unreasonable approach produced an unreasonable sentence." *Id.* This is exactly what happened in this case. Though the district court gave lip-service to other § 3553(a) factors, the district court's downward departure was based largely, if not solely, on the defendant's childhood, which it deemed to be one of the worst it had ever seen. Some reduction might have been appropriate based on the defendant's childhood, but a downward departure of almost 50% from the bottom of the Guidelines range was unreasonable when the other § 3553(a) factors, such as reflecting the seriousness of the offense, the need for deterrence, and the need to protect the public, all support a more lengthy term of incarceration than the one

given.  Thus, as in *Crisp*, *"*[a]n unreasonable approach produced an unreasonable sentence."[1]  *Id.*

Second, although I believe that the term of incarceration was unreasonably low in this case, I believe a bigger problem with the district court's sentence is the 10-year term of supervised release.  Title 18 U.S.C. § 3553(a) states that the "court shall impose a sentence sufficient . . . to comply with the purposes set forth in paragraph (2)," which includes the need "to protect the public from further crimes of the defendant."  The sentence imposed in this case does not satisfy this requirement and is thus unreasonable. Given that the defendant is a pedophile who has admitted to sexually abusing seven children over the last 13 years, failed to be rehabilitated through treatment, violated a court order to stay away from areas where young children are congregated, and admitted to being sexually attracted to children 55% of the time, the only way to satisfy the § 3553(a) requirement of protecting the public is to impose a sentence that includes lifetime supervised release.  This need for lifetime supervised release is also supported by the

---

[1] The majority distinguishes *United States v. Crisp*, 454 F.3d 1285 (11th Cir. 2006), and *United States v. Martin*, 455 F.3d 1227 (11th Cir. 2006), in which we found sentences unreasonable, as support for the conclusion that this sentence was reasonable.  However, assuming, arguendo, that the sentences in *Crisp* and *Martin* were more unreasonable than the sentence in this case, the fact that the sentence in this case is less unreasonable does not mean it is reasonable.  I am similarly unpersuaded by the majority's reliance on *United States v. Gray*, 453 F.3d 1323 (11th Cir. 2006), which I do not find to be controlling, nor for that matter very persuasive.  Though *Gray* dealt with a similar departure in a child pornography case, *Gray* is clearly distinguishable because the defendant in *Gray,* unlike the defendant in this case, had never acted out against children.

13

Guidelines, which include a policy statement recommending lifetime supervised release because the offense is a sex offense. U.S.S.G § 5D1.2(b)(2). As it stands, the defendant will walk free in society without restrictions at age 45. Allowing someone who will unquestionably continue to remain a danger to society's most vulnerable citizens - its children - to live free of any restrictions at any age, let alone at such a young age, in my view, is substantively unreasonable. The only reasonable sentence for this defendant must include a term of lifetime supervised release.

For the aforementioned reasons, I believe that the district court's sentence in this case is substantively unreasonable and should thus be vacated. Accordingly, I respectfully dissent.