DUBINA, Circuit Judge,
dissenting:
Though I agree with the majority that the district court followed the proper procedures in calculating the Guidelines range and considering the 18 U.S.C. § 3553(a) factors, I disagree with the majority’s conclusion that the sentence imposed is substantively reasonable, and thus, I respectfully dissent.
In Gall v. United States, 552 U.S. -, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007), the Supreme Court made it clear that appellate courts must undertake a two-part process in reviewing the sentence imposed by the district court. First, the appellate court must determine whether or not the proper procedures were followed by the district court. Id. at 597. Second, “the appellate court should then consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard.” Id. “In reviewing the reasonableness of a sentence outside the Guidelines range, appellate courts may ... take the degree of variance into account and consider the extent of a deviation from the Guidelines.” Id. at 590.
In this case, the district court chose to depart from the Guidelines range of 151— 188 months imprisonment and instead sen *1299 tenced the defendant to 84 months imprisonment. Furthermore, in spite of the fact that the Guidelines recommended a lifetime term of supervised release, the district court chose to impose a 10-year term of supervised release. I believe that both the term of incarceration and the term of supervised release are substantively unreasonable given the facts of this case.
First, 84 months of imprisonment is unreasonable because the district court unjustly fixated on the defendant’s horrific childhood. In United States v. Crisp, 454 F.3d 1285, 1292 (11th Cir.2006), this court stated that “courts have found that a district court’s unjustified rebanee upon any one 3553(a) factor is a symptom of an unreasonable sentence.” (internal quotations and citations omitted). The court went on to state that “[t]he district court focused single-mindedly on the goal of restitution to the detriment of all the other sentencing factors. An unreasonable approach produced an unreasonable sentence.” Id. This is exactly what happened in this case. Though the district court gave lip-service to other § 3553(a) factors, the district court’s downward departure was based largely, if not solely, on the defendant’s childhood, which it deemed to be one of the worst it had ever seen. Some reduction might have been appropriate based on the defendant’s childhood, but a downward departure of almost 50% from the bottom of the Guidelines range was unreasonable when the other § 3553(a) factors, such as reflecting the seriousness of the offense, the need for deterrence, and the need to protect the public, all support a more lengthy term of incarceration than the one given. Thus, as in Crisp, “[a]n unreasonable approach produced an unreasonable sentence.”[1] Id.
Second, although I believe that the term of incarceration was unreasonably low in this case, I believe a bigger problem with the district court’s sentence is the 10-year term of supervised release. Title 18 U.S.C. § 3553(a) states that the “court shall impose a sentence sufficient ... to comply with the purposes set forth in paragraph (2),” which includes the need “to protect the public from further crimes of the defendant.” The sentence imposed in this case does not satisfy this requirement and is thus unreasonable. Given that the defendant is a pedophile who has admitted to sexually abusing seven children over the last 13 years, failed to be rehabilitated through treatment, violated a court order to stay away from areas where young children are congregated, and admitted to being sexually attracted to children 55% of the time, the only way to satisfy the § 3553(a) requirement of protecting the public is to impose a sentence that includes lifetime supervised release. This need for lifetime supervised release is also supported by the Guidelines, which include a policy statement recommending lifetime supervised release because the offense is a sex offense. U.S.S.G § 5D1.2(b)(2). As it stands, the defendant will walk free in society without restrictions at age 45. Allowing someone who *1300 will unquestionably continue to remain a danger to society’s most vulnerable citizens — its children — to live free of any restrictions at any age, let alone at such a young age, in my view, is substantively unreasonable. The only reasonable sentence for this defendant must include a term of lifetime supervised release.
For the aforementioned reasons, I believe that the district court’s sentence in this case is substantively unreasonable and should thus be vacated. Accordingly, I respectfully dissent.

. The majority distinguishes United States v. Crisp, 454 F.3d 1285 (11th Cir.2006), and United States v. Martin, 455 F.3d 1227 (11th Cir.2006), in which we found sentences unreasonable, as support for the conclusion that this sentence was reasonable. However, assuming, arguendo, that the sentences in Crisp and Martin were more unreasonable than the sentence in this case, the fact that the sentence in this case is less unreasonable does not mean it is reasonable. I am similarly unpersuaded by the majority’s reliance on United States v. Gray, 453 F.3d 1323 (11th Cir.2006), which I do not find to be controlling, nor for that matter very persuasive. Though Gray dealt with a similar departure in a child pornography case, Gray is clearly distinguishable because the defendant in Gray, unlike the defendant in this case, had never acted out against children.