[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 26, 2008
THOMAS K. KAHN
CLERK

No. 07-15600
Non-Argument Calendar

_____

D. C. Docket No. 07-00029-CR-5-RS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL DEMONT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(June 26, 2008)**

Before BIRCH, DUBINA and FAY, Circuit Judges.

PER CURIAM:

Michael Demont appeals his 169-month sentence for distribution or receipt of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(1), (2), and (b)(1). Demont argues that his mid-Guidelines' range sentence is unreasonable because the district court should have sentenced him to less time than what the advisory Guidelines required[1] and given much less supervised release because he presented numerous and substantial mitigating factors during his sentencing hearing. Demont also contends that his sentence is unreasonably high when compared to the sentences imposed in other similar cases. For the reasons set forth more fully below, we affirm.

**I.**

A presentence investigation report ("PSI") was prepared after Demont pled guilty to distribution of child pornography.[2] According to the PSI, as a result of an undercover online investigation that targeted individuals who were trading child pornography, an FBI special agent determined that Demont was providing files that met the definition of child pornography on an Internet-based peer-to-peer file sharing network. The FBI executed a search warrant on Demont's residence, and a

---

[1] Demont's Guidelines range was 151 to 188 months based upon an adjusted offense level of 34 and a criminal history category of I.

[2] Demont was also charged in the indictment with possession of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2), but the district court dismissed that charge on the government's motion.

search of Demont's computer and loose media revealed approximately 100 videos and 350 images of child pornography.

At the sentencing hearing, both Demont and the government indicated to the court that they had no objections to the PSI's facts or calculations. Demont's counsel commented, however, that Demont (1) had not committed the offense in a sophisticated manner, (2) was not trying to sell or profit from the material, (3) immediately cooperated with the law enforcement officers and answered any questions they had, and (4) had led an otherwise quiet, law-abiding life. After noting that Demont's family was present in support of Demont, Demont's counsel requested a below-Guidelines sentence to take into account Demont's medical condition. Demont's counsel then read a letter from Demont to the court.

After noting that it previously had adjudicated Demont guilty, the district court adopted the facts contained in the PSI and imposed a sentence of 169 months' imprisonment. The court asked if Demont had any objections. Demont's counsel replied, "Just the legal objection, Your Honor, that the intended sentence is greater than necessary to serve the purposes of sentencing, but no other objections."

## II.

"'In reviewing the ultimate sentence imposed by the district court for

reasonableness, we consider the final sentence, in its entirety, in light of the § 3553(a) factors.'" United States v. Valnor, 451 F.3d 744, 750 (11th Cir. 2006) (citation omitted). A sentence is unreasonable if it "fails to achieve the purposes of sentencing as stated in section 3553(a)." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). The party challenging the reasonableness of a sentence "bears the burden of establishing that the sentence is unreasonable in the light of both [the] record and the factors in section 3553(a)." Id.

The Supreme Court recently clarified the reasonableness standard as a review for abuse of discretion. Gall v. United States, 552 U.S. —, 128 S.Ct. 586, 594, 169 L.Ed.2d 445 (2007). Specifically, the district court must impose a sentence that is both procedurally and substantively reasonable. Id. 128 S.Ct. at 597. When reviewing the sentence for procedural reasonableness, we must

> ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence-including an explanation for any deviation from the Guidelines range.

Id.

In considering the substantive reasonableness of the sentence, "Gall makes clear that 'it also remains true that the district court's choice of sentence is not

4

unfettered.'" United States v. Livesay, No. 06-11303, slip op. at 1912 (11th Cir. Apr. 23, 2008) (citations and quotation marks omitted). "The district court is obliged to consider all of the § 3553(a) factors, and those factors in turn guide appellate courts, as they have in the past, in determining whether a sentence is unreasonable." Id. (citations and punctuation marks omitted).

"Generally, when sentencing within the advisory Guidelines range, the district court is not required to give a lengthy explanation for its sentence if the case is typical of those contemplated by the Sentencing Commission." Livesay, No. 06-11303, slip op. at 1911; see also 18 U.S.C. § 3553(c). However, the sentencing judge should "set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." Rita v. United States, 551 U.S. —, 127 S.Ct. 2456, 2468, 168 L.Ed.2d 203 (2007). "Unless a party contests the Guidelines sentence generally under § 3553(a)-that is argues that the Guidelines reflect an unsound judgment, or, for example, that they do not generally treat certain defendant characteristics in the proper way-or argues for departure, the judge normally need say no more." Id. 127 S.Ct. at 2468.

Although we do not apply a presumption of reasonableness, "ordinarily we would expect a sentence within the Guidelines range to be reasonable." Talley,

5

431 F.3d at 788.  We note that, notwithstanding the fact that he abandoned the argument for failing to raise the issue in his opening brief, Demont effectively requests us to apply our governing precedent when he argues in his reply brief that we should not apply a presumption of reasonableness to a sentence within the advisory Guidelines.  See United States v. Levy, 416 F.3d 1273, 1276 n.3 (11th Cir. 2005) (noting that we normally do not consider issues raised for the first time in the reply brief).

The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to afford adequate deterrence, to promote respect for the law, to provide just punishment for the offense, to protect the public, and to provide the defendant with needed educational or vocational training or medical care; (3) the kinds of sentences available; (4) the advisory guidelines range; (5) pertinent Sentencing Commission policy statements; (6) the need to avoid unwarranted sentencing disparities; and (7) the need to provide restitution to victims.  18 U.S.C. § 3553(a)(1)-(7).

Demont is correct when he observes in his brief that we have affirmed downward variances in some distribution of child pornography cases.  See United States v. McBride, 511 F.3d 1293, 1298 (11th Cir. 2007) (affirming 84-month

sentence for distribution of child pornography where Guidelines range was 151 to 188 months); United States v. Gray, 453 F.3d 1323 (11th Cir. 2006) (affirming 72-month sentence for distribution of child pornography where Guidelines range was 151 to 188 months). However, in McBride, we affirmed the district court because we did not find that the court "committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." McBride, 511 F.3d at 1298. In Gray, we affirmed the district court because "the district court gave specific, valid reasons for imposing a sentence that was lower than the [G]uidelines range." Gray, 453 F.3d at 1325. Thus, in neither case did we affirm for the sole purpose of complying with the single statutory factor, namely § 3553(a)(6), which provides: "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." Moreover, we have recently stated that we have "typically treated child sex offenses as serious crimes, upholding severe sentences in these cases." United States v. Pugh, 515 F.3d 1179, 1202 (11th Cir. 2008). Significantly, after we made that observation in Pugh, we distinguished cases, including Gray and McBride, in which we had affirmed downward variances. Id. Nonetheless, we noted in Pugh that, in all of the cases where downward variances were affirmed, substantial prison sentences had been

7

imposed.  Id.

The district court was not required to give a lengthy explanation for its decision to impose a Guidelines sentence.  See Rita, 127 S.Ct. at 2468.  Nonetheless, the record reflects that the court did consider the § 3553(a) factors in determining an appropriate sentence.  See Livesay, No. 06-11303, slip op. at 1912.  Moreover, Demont's 169-month sentence is within the Guidelines range and below the 20-year statutory maximum. 18 U.S.C. § 2252A(b)(1); Talley, 431 F.3d at 788; United States v. Winingear, 422 F.3d 1241, 1246 (11th Cir. 2005) (comparing, as one indication of reasonableness, the actual  prison term imposed against the statutory maximum).  Further, the record reflects that the court considered Demont's arguments and the statements contained in his letter, and the court had a reasoned basis for exercising its own legal decisionmaking authority.  See Rita, 127 S.Ct. at 2468.  Although Demont claims that his sentence is "unreasonably high when considered in  conjunction" with sentences that other defendants have received, he did not assert this specific argument at sentencing, and there is no evidence in the record that the court failed to consider the specific factor of unwarranted sentence disparities when determining an appropriate sentence for Demont.  See United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005) (stating that "nothing in Booker or elsewhere requires the district court to state on the

8

record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors"); Pugh, 515 F.3d at 1202.

Accordingly, as Demont has not shown that the court abused its discretion by imposing an unreasonable sentence, his sentence is

**AFFIRMED.**