[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 6, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-12154
Non-Argument Calendar

_____

D. C. Docket No. 07-00016-CR-1-SPM-AK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PEDRO ENRIQUE RIVERA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(October 6, 2008)**

Before BIRCH, DUBINA and PRYOR, Circuit Judges.

PER CURIAM:

Appellant Pedro Enrique Rivera appeals his 168-month sentence for

receiving and distributing child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A). On appeal, Rivera concedes that the district court properly calculated his guideline range, but argues that his sentence was both procedurally and substantively unreasonable because even though he received a guideline sentence, it did not accurately reflect his conduct. According to Rivera, the appropriate sentence was the statutory minimum of 60 month's imprisonment. Rivera especially emphasizes the need to avoid disparate sentences among similarly situated defendants and, in support of his position, cites cases in which child pornography defendants received a downward variance. *See, e.g., United States v. Pugh*, 515 F.3d 1179 (11th Cir. 2008); *United States v. Gray*, 453 F.3d 1323 (11th Cir. 2006).

We review a sentence for unreasonableness under a "deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. ___,128 S. Ct. 586, 591, 169 L. Ed. 2d. 445 (2007). A sentence is procedurally unreasonable if the district court failed to calculate or incorrectly calculated the guidelines, treated the guidelines as mandatory, failed to consider the 18 U.S.C. § 3553(a) factors, selected a sentence based on clearly erroneous facts, or failed to adequately explain the chosen sentence. *Id.* at ___, 128 S. Ct. at 597. A sentence is substantively unreasonable "if it does not achieve the purposes of sentencing stated in § 3553(a)." *Pugh*, 515

2

F.3d at 1191 (quoting *U.S. v. Martin*, 455 F.3d 1227, 1237 (11th Cir. 2006)).

Section 3553(a) provides that district courts must consider, *inter alia*, (1) the applicable guideline range; (2) the nature and circumstances of the offense; (3) the history and characteristics of the defendant; (4) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (5) the need for adequate deterrence to criminal conduct; (6) protection of the public from further crimes of the defendant; and (7) the need to avoid unwarranted sentencing disparities. 18 U.S.C. § 3553(a). "The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court, and we will not substitute our judgment in weighing the relevant factors." *United States v. Amedeo*, 487 F.3d 823, 832 (11th Cir.) (quotations and alterations omitted), *cert. denied*, 128 S. Ct. 671 (2007).

In *Pugh*, a jury convicted the defendant of possessing child pornography, and the district court gave him a significant downward variance during sentencing. 515 F.3d at 1183, 1187. We concluded that the significant downward variance was substantively unreasonable, in part, because the final sentence did not afford adequate deterrence to criminal conduct, which "is particularly compelling in the child pornography context." *Id.* at 1194. In addition, we found that the downward variance did not reflect the seriousness of the offense, the guideline sentencing

range, and the need to protect the public from further crimes by the defendant. *Id.* at 1195, 1200-01.

After reviewing the record and reading the parties' briefs, we conclude that Rivera has not met his burden of establishing that his sentence was either procedurally or substantively unreasonable.  Therefore, we affirm Rivera's sentence at the low end of the guideline range.

**AFFIRMED.**

4