[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 30, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-15947
Non-Argument Calendar

_____

D. C. Docket No. 07-14052-CR-KMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL PATRICK STEVENS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(December 30, 2008)**

Before CARNES, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Michael Patrick Stevens appeals his sentence of 151 months imprisonment for transmitting child pornography in violation of 18 U.S.C. § 2252(a)(1). He challenges the district court's denial of his motion to continue his sentencing hearing and its five-level increase of his base offense level for his relevant conduct of possessing over 600 images of child pornography. Stevens also contends that his sentence is procedurally and substantively unreasonable.

Stevens sought to continue his sentencing hearing so that he could present a second psychiatric evaluation as evidence of mitigating circumstances. He argues that the district court violated his Sixth Amendment right to counsel when it denied his motion to continue based solely on the fact that the motion was untimely. He claims that he suffered specific substantial prejudice because he received a longer sentence than similar defendants who had been given the opportunity to present expert testimony about their psychological histories and conditions.

"We review a district court's denial of a motion to continue sentencing for abuse of discretion." United States v. Douglas, 489 F.3d 1117, 1128 (11th Cir. 2007). The defendant must show that the denial "produced specific substantial prejudice." Id. (quotation marks omitted). Where the continuance was sought for the purpose of obtaining a witness, we consider these factors:

> (1) the diligence of the defense in interviewing the witness and procuring his testimony; (2) the probability

2

of obtaining his testimony within a reasonable time; (3) the specificity with which the defense was able to describe the witness's expected knowledge or testimony; and (4) the degree to which such testimony is expected to be favorable to the accused, and the unique or cumulative nature of the testimony.

Id.

Applying those factors to the present case, we conclude that the district court did not abuse its discretion in denying Stevens' motion for a continuance. The court found that Stevens' motion for a continuance—filed four days before the scheduled sentencing hearing and over ninety days after Stevens' guilty plea—was untimely. Stevens did not establish the unique or non-cumulative nature of the proposed psychiatric evaluation. He informed the court that one psychological evaluation had been completed and that he sought a second one from a "Board certified sexologist," who might be able to "give the Court some valid information relating to the history and characteristics of this defendant."

Stevens' constitutional right to the assistance of counsel was not violated because counsel was able to present evidence about mitigating circumstances. Before the sentencing hearing, Stevens' counsel submitted to the district court a psychological evaluation conducted by Dr. Steven Edney that described Stevens' personal history and problems involving his work, marital relations, and substance abuse. Stevens made a statement to the court explaining the factors in his life that

3

led to his admitted obsession with pornography and "trading pictures and videos with people" in online chat rooms. Stevens' counsel recounted statements from family, friends, and neighbors about their good opinion of Stevens, and counsel read to the court a letter written by Stevens' wife.

When it sentenced Stevens at the low end of the guidelines range, the district court acknowledged that it had considered the statements presented at the hearing. The possibility that Stevens would have received an even shorter sentence if he had presented a second psychological report by another expert is pure speculation. Stevens did not show that the denial of the continuance constituted an abuse of discretion or that it caused him specific substantial prejudice. See Douglas, 489 F.3d at 1128.

As for the five-level enhancement of his base offense level under U.S.S.G. § 2G2.2(b)(7)(D) for possession of more than 600 images of child pornography, Stevens did not challenge that enhancement in the district court. Therefore, we review it only for plain error. United States v. Moriarty, 429 F.3d 1012, 1018-19 (11th Cir. 2005). "The four prongs of plain error review are: (1) there must be error; (2) the error must be plain; (3) the error must affect the appellant's substantial rights; and (4) the error must seriously affect the fairness, integrity, or public reputation of judicial proceedings." United States v. Novaton, 271 F.3d 968, 1014 (11th Cir. 2001) (quotation marks and alteration omitted). We

4

will not correct any error unless all four requirements are met. See id.

Furthermore, "at least where the explicit language of a statute or rule does not specifically resolve an issue, there can be no plain error where there is no precedent from the Supreme Court or this Court directly resolving it." United States v. Lejarde-Rada, 319 F.3d 1288, 1291 (11th Cir. 2003).

Stevens contends that the term "offense" in U.S.S.G. § 2G2.2(b)(7)(D) should not include the relevant conduct of possessing hundreds of images of child pornography because he was only convicted of transmitting two images. He argues that the Sentencing Commission did not intend for possessors of child pornography to be punished as severely as distributors.

U.S.S.G. § 2G2.2(b)(7)(D) covers both possession and distribution of child pornography and contains a specific offense characteristic that permits a five-level enhancement "[i]f the offense involved . . . 600 or more images." U.S.S.G. § 2G2.2(b)(7)(D). An offense is defined as "the offense of conviction and all relevant conduct under § 1B1.3 (Relevant Conduct) unless a different meaning is specified or is otherwise clear from the context. " U.S.S.G. § 1B1.1 cmt. n.1(H). Unless otherwise specified, specific offense characteristics are determined based on all acts committed in preparation for and during the offense of conviction as well as acts that were part of the same course of conduct. See U.S.S.G. § 1B1.3(a). Relevant conduct is not limited to the conduct charged in the

indictment.  United States v. Ignancio Munio, 909 F.2d 436, 438 (11th Cir. 1990).

Stevens cannot show that a decision by the Supreme Court or this Court prohibited

the district court from considering evidence of his possession of hundreds of

images of child pornography in order to enhance his base offense level under

U.S.S.G. § 2G2.2(b)(7)(D).

Finally, Stevens contends that his sentence is both procedurally and

substantively unreasonable.  His procedural argument is that the district court

simply stated that it had considered the statutory factors, which was an inadequate

explanation of the sentence.  His substantive argument is that the court refused to

give him extra time to get a second psychological evaluation and that it imposed a

five-level enhancement for possession of child pornography, so he was punished as

if he were a distributor of hundreds of images when he actually only distributed

two images.  He asserts that those decisions thwarted § 3553(a)(6)'s objective of

avoiding unwarranted sentencing disparities.[1]

The Supreme Court has explained that the reasonableness standard of review

---

[1] In support of his argument about sentencing disparities Stevens cites decisions such as United States v. Gray, 453 F.3d 1323, 1324 (11th Cir. 2006), where we upheld a 72-month sentence for distribution of child pornography where the defendant's guideline range was the same as Stevens'—151 to 188 months.  Stevens' argument overlooks the point that reasonableness review is deferential both when the government contends that the sentence is too low and when the defendant contends that the sentence is too high.  See id. at 1325 ("[T]here is a range of reasonable sentences from which the district court may choose."); see also United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005) ("Review for reasonableness is deferential.").

requires us to consider the ultimate sentence imposed under a "deferential abuse-of-discretion standard" and to take into account the totality of the circumstances. Gall v. United States, 552 U.S. ___, 128 S. Ct. 586, 597 (2007). We must "first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." Id. 552 U.S. at ___, 128 S. Ct. at 597.

A sentence may be substantively unreasonable if it does not achieve the purposes of sentencing as set forth in § 3553(a). United States v. Pugh, 515 F.3d 1179, 1191 (11th Cir. 2008). Section 3553(a) requires the sentencing court to impose a sentence "sufficient, but not greater than necessary" to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, protect the public from future criminal conduct by the defendant, and provide the defendant with necessary educational or vocational training or medical care. See 18 U.S.C. § 3553(a)(2). The sentencing court must also consider the § 3553(a) factors in determining a particular sentence. See 18 U.S.C. § 3553(a)(1), (3)–(7).

In explaining the sentence imposed, an acknowledgment by the district court

that it has considered the defendant's arguments and the factors in section 3553(a) is enough. See United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005). The district court is not required to explicitly state that it has considered each of the § 3553(a) factors. See United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005). The burden of establishing that the sentence is unreasonable in light of the record and the § 3553(a) factors lies with the party challenging the sentence. See Talley, 431 F.3d at 788. Although a sentence within the advisory guidelines range is not per se reasonable, we ordinarily expect such a sentence to be reasonable. See id. at 787–88.

The district court correctly calculated Stevens' sentencing guideline range, considered testimony and evidence relevant to the § 3553(a) factors, and explained in enough detail the sentence imposed. For reasons we have already discussed, the court did not abuse its discretion in deciding not to grant Stevens a continuance so that he could introduce a second psychological evaluation, and it did not err in imposing a five-level enhancement for Stevens' possession of over six hundred images of child pornography. Stevens' sentence is procedurally and substantively reasonable.

**AFFIRMED.**