[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-10494
Non-Argument Calendar
_____

D.C. Docket No. 4:10-cr-00159-BAE-GRS-13

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DERRICK JOHNSON,

Defendant-Appellant.
_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(May 30, 2013)

Before CARNES, BARKETT and ANDERSON, Circuit Judges.

PER CURIAM:

Derrick Johnson appeals his total 66-month upward variance sentence,

imposed after pleading guilty to one count of conspiracy to possess with intent to

distribute, and to distribute, more than 400 grams of cocaine, in violation of

21 U.S.C. §§ 841(a)(1), 846, and 18 U.S.C. § 2, and one count of distribution of a mixture or substance containing a detectable amount of cocaine hydrochloride, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. On appeal, Johnson first argues that the district court erred by departing upward from the guideline range. Second, Johnson argues that the district court exhibited bias against him by considering his family situation—his children born out of wedlock and his marital status—at sentencing, and, therefore, should have recused itself under 28 U.S.C. § 455(a). After thorough review, we vacate Johnson's sentence and remand for resentencing.

I.

On appeal, Johnson first challenges the procedural reasonableness of the district court's upward variance. In reviewing the procedural reasonableness of a sentence, this Court ensures that the district court has committed no significant procedural error, such as failing to consider the 18 U.S.C. § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or inadequately explaining the chosen sentence. *Gall v. United States*, 552 U.S. 38, 41, 128 S. Ct. 586, 591 (2007). A factual finding at sentencing is clearly erroneous when "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Barrington*, 648 F.3d 1178, 1195 (11th Cir. 2011), *cert. denied*, 132 S. Ct. 1066

(2012). The district court is not required at sentencing to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the factors individually. *United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005). However, a district court does commit procedural error when it inadequately explains how the facts of the case operate under enunciated § 3553(a) factors to justify a variance from the guideline range. *United States v. Livesay*, 525 F.3d 1081, 1093-94 (11th Cir. 2008).

Here, we find that Johnson's sentence was based, at least in part, on clearly erroneous facts. The district court, at the very beginning of sentencing, stated that it was considering an upward variance due to the fact that Johnson had been a supplier and distributor of illegal drugs, that he had an extensive criminal history, that Johnson had a number of revocations of probation by state authorities, and that, had Johnson pled guilty or been convicted of all counts in the superseding indictment, his required term of imprisonment would have been at least ten years. The district court then permitted Johnson's counsel, the government, and Johnson himself to address the court.

After hearing from all parties, the district court upwardly varied from the guideline range of 46-57 months and sentenced Johnson to a 66-month sentence. After handing down the sentence, the district court continued:

> The Court has given the reasons, but the conduct of the
> defendant over a long course of time resulting in a continual, almost

3

continual violation of law, many of the things that he is charged with and has committed are not considered in the calculation of the guidelines.

Beginning at age 18, and continuing as I have already noted, is a person who has been out of control, smoking marijuana on a daily basis. *And it has led to, no doubt, a distraught and broken family, the lives of so many people, both victims and the victims by virtue of their dependency on him has been occurring a long period of time*. Doc. 673 at 17 (emphasis added).

We hold that the district court relied on clearly erroneous facts when it concluded that Johnson's smoking of marijuana "led to, no doubt, a distraught and broken family," and that there were "victims by virtue of their dependency on him."

The district court questioned Johnson regarding his three children by three different women whom he had never married. Johnson stated to both the probation officer and the court that he had provided support for his children prior to his arrest and that, at the time of the sentencing hearing, he was engaged to be married. Additionally, Johnson's attorney represented to the court that Johnson's children had visited him at prison at least seven times and that Johnson was "very responsible for" his children and "very connected to them." Johnson's attorney reiterated numerous times to the court that Johnson "has been taking care of his children" and that she felt a sentence within the guideline range was appropriate.

The PSI does not include any facts that could support the district court's conclusion that Johnson's actions had led to a "distraught and broken" family.

4

Additionally, the government did not counter any of the statements Johnson or his attorney made, and the government specifically stated that it felt that a sentence within the guideline range was appropriate.

After a thorough review of the record, we are "left with the definite and firm conviction that a mistake has been committed." *See Barrington*, 648 F.3d at 1195. Although we cannot be sure how much the district court relied on these factual findings when sentencing Johnson, we must conclude that the district court failed to adequately explain its reasons for Johnson's sentence in a way that "allows for meaningful appellate review and promotes the perception of fair sentencing." *See Livesay*, 525 F.3d at 1093. There is simply no evidence in the record to support the district court's factual findings regarding Johnson's family or any victims resulting from their dependency on him.

To the extent that the district court relied on these clearly erroneous facts in varying upward, we hold that the district court erred. Because we cannot ascertain what effect any such reliance had on the district court's decision to vary upwardly, and because the district court failed to explain that, Johnson's sentence is procedurally unreasonable. Accordingly, we vacate Johnson's sentence and remand for resentencing.[1]

---

[1] We disagree with Johnson, however, that it was inappropriate for the district court to state that Johnson had engaged in "consistent criminal conduct" resulting in "continual violation of the law." This factual finding was not clearly erroneous in light of Johnson's admission that he used marijuana on a daily basis between his arrests in September 1999 and June 2008.

II.

Johnson also argues that the district court judge should have recused himself from the case. Ordinarily, we review a judge's decision not to recuse himself for bias for an abuse of discretion. *United States v. Berger*, 375 F.3d 1223, 1227 (11th Cir. 2004). Where a party fails to move for recusal in the proceedings below, however, we review for plain error. *Id.* To satisfy the plain-error standard, we must find that (1) the district court committed "error" in that "a legal rule was violated," (2) the error was plain or "obvious," and (3) the error "affected substantial rights" in that the error was prejudicial and not harmless. *United States v. Olano*, 507 U.S. 725, 731-35, 113 S. Ct. 1770, 1776-78 (1993). If these criteria are met, we may, in our discretion, correct the plain error if the error "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 736, 113 S. Ct. at 1779 (citation omitted).

Under § 455(a) of Title 28 of the U.S. Code, a federal judge should recuse himself where "his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). In reviewing whether a district court judge should have recused himself under § 455(a), we ask whether "an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *United States v. Patti*, 337 F.3d 1317, 1321 (11th Cir. 2003). Further, the alleged bias "must stem from

6

extrajudicial sources, unless the judge's acts demonstrate such pervasive bias and prejudice that it unfairly prejudices one of the parties." *United States v. Bailey*, 175 F.3d 966, 968 (11th Cir. 1999) (quotation omitted).  Where properly before the district court, historical facts unrelated to a defendant's offense are proper considerations at sentencing when they relate to a § 3553(a) factor.  *See United States v. Gray*, 453 F.3d 1323, 1325 (11th Cir. 2006) (holding that the defendant's "age, his prior minimal criminal record, and his medical condition" were "all valid considerations because they related to the 'history and characteristics of the defendant'").

Here, the district court was not required to recuse itself.  The court's consideration of the issue was not demonstrative of pervasive bias, and, therefore, Johnson cannot show that the district court's failure to recuse itself was "error," let alone plain error.

### III.

Upon review of the entire record on appeal, and after consideration of the parties' appellate briefs, the district court was not required to recuse itself.  However, for the reasons discussed in Part I, we vacate Johnson's sentence and remand for resentencing.

**VACATED AND REMANDED.**