[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

----------------------------------------

No. 07-12738
Non-Argument Calendar

----------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 28, 2008
THOMAS K. KAHN
CLERK

D.C. Docket No. 06-14054-CR-DLG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARLOS RUBEN GUZMAN,

Defendant-Appellant.

----------------------------------------
Appeal from the United States District Court
for the Southern District of Florida
----------------------------------------

**(May 28, 2008)**

Before EDMONDSON, Chief Judge, ANDERSON and HULL, Circuit Judges.

PER CURIAM:

Defendant-Appellant Carlos Ruben Guzman appeals his 17-month sentence

imposed after he pled guilty to conspiring to manufacture, distribute and dispense

marijuana plants, in violation of 21 U.S.C. §§ 841(a)(1), 846. No reversible error has been shown; we affirm.

Defendant's guideline range was first calculated by the Probation Office as 12 to 18 months, but Defendant was subject to a statutory mandatory minimum sentence of five years' imprisonment. The government agreed that the Defendant's acceptance of responsibility and safety valve statement satisfied U.S.S.G. §§ 3E1.1(a) and 5C1.2(a)(5) and 18 U.S.C. § 3553(f)(5). With the acceptance of responsibility adjustment and without the effects of the statutory mandatory minimum, Defendant's recalculated advisory guideline range was 24 to 30 months' imprisonment. The government requested that a 24-month sentence be imposed; Defendant argued that an 8-month sentence would be appropriate in the light of his personal characteristics, the nature of his offense participation, the sentences of similarly-situated defendants, and the fact that Defendant already had been in state custody for six weeks for this offense and would otherwise receive no credit for that time served. The district court imposed a sentence of 17 months' imprisonment; the sentence is five months below Defendant's advisory guidelines range.

No argument is made that the advisory guideline range was calculated incorrectly. Instead, Defendant takes issue with the district court's failure to

articulate fully the court's consideration of Defendant's limited participation in the offense and other special factors that Defendant advanced in support of a lesser sentence.

The transcript of the sentencing hearing makes it clear that the district court committed no procedural sentencing error: the district court calculated correctly the advisory guideline range, treated the guidelines as advisory, considered the section 3553(a) factors, selected a sentence based on facts that were not clearly erroneous, and explained adequately the chosen sentence. No requirement exists that the district court articulate explicitly its reasoning attending the weight accorded the factors in the sentencing complex; "[r]ather, an acknowledgment by the district court that it has considered the defendants arguments and the § 3553(a) factors will suffice." United States v. Bohannon, 476 F.3d 1246, 1248 (11th Cir.), cert. denied, 127 S.Ct. 2953 (2007).

Defendant's claim that the sentence imposed is unreasonable fails.[*] Appellate review of the substantive reasonableness of a sentence -- whether inside or outside the guidelines range -- is under an abuse-of- discretion standard. Gall v. United States, 128 S.Ct. 586, 597 (2007). This review is deferential; and "the

---

[*]The government asserts that Defendant's reasonableness argument should be subject to plain error review because he failed to preserve a reasonableness objection in the district court. We need not decide this issue; Defendant shows no reasonableness error, plain or otherwise.

3

party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both [the] record and the factors in section 3553(a)." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). Even if an appellate court disagrees with the weight the district court afforded the section 3553(a) factors, we will reverse only if the final sentence imposed lies outside the range of reasonable sentences. See United States v. McBride, 511 F.3d 1293, 1297-98 (11th Cir. 2007).

The district court explained that the variant sentence chosen was appropriate in the light of the sentences of similarly situated defendants, as well as Defendant's (i) involvement in the conspiracy; (ii) contribution to judicial economies by entering a guilty plea; and (iii) earlier involvement with the criminal justice system. Although Defendant complains that the district court "unfairly took into account [his] failure to appear for participation in a [deferred prosecution program]," the history and characteristics of the defendant and the need to promote respect for the law are proper section 3553(a) considerations. We cannot say the 17-month sentence imposed -- below the advisory guidelines range -- was "outside the range of reasonable sentences dictated by the facts of the case." United States v. Williams, 456 F.3d 1353, 1363 (11th Cir. 2006), cert. dismissed 127 S.Ct. 3040 (2007), abrogated on other grounds Kimbrough v. United States, 128 S.Ct. 558

(2007).  No clear error of judgment in weighing the section 3553(a) factors has been shown.

AFFIRMED.