[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPT 9, 2008
THOMAS K. KAHN
CLERK

No. 08-10024
Non-Argument Calendar

_____

D. C. Docket No. 07-14047-CR-DLG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN ALEJANDRO VELEZ-NIEVES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(September 9, 2008)**

Before BLACK, MARCUS and WILSON, Circuit Judges:

PER CURIAM:

Juan Alejandro Velez-Nieves appeals his 108-month sentence imposed after he pled guilty to one count of conspiracy to possess with intent to distribute 500 grams or more of cocaine hydrochloride, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and one count of illegal re-entry after deportation, in violation of 8 U.S.C. § 1326(a) and (b)(2). Velez-Nieves contends his sentence was substantively unreasonable. He claims the district court erred by imposing a sentence within the advisory Guidelines range after the range was increased "essentially" as a result of his status as an illegal alien at the time of the drug offense.

After *United States v. Booker*, 125 S. Ct. 738 (2005), we established a two-part process for district courts to use in calculating sentences. *United States v. McBride*, 511 F.3d 1293, 1297 (11th Cir. 2007). First, the district court must consult and correctly calculate the range recommended by the Sentencing Guidelines. Second, the district court must fashion a reasonable sentence in light of the factors enumerated in 18 U.S.C. § 3553(a). *Id.*

The substantive reasonableness of a sentence is reviewed under an abuse-of-discretion standard. *United States v. Pugh*, 515 F.3d 1179, 1190 (11th Cir. 2008) (citing *Gall v. United States*, 128 S. Ct. 586, 597 (2007)). Under this standard, we will only reverse if the district court made a clear error of judgement. *Id.* at 1191.

We review a sentence for substantive reasonableness in light of the factors listed in § 3553(a). *McBride*, 511 F.3d at 1296-97. Those factors are the following:

> (1) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (2) the need for deterrence; (3) the need to protect the public; (4) the need to provide the most effective correctional treatment or medical care; (5) the nature and circumstances of the offense; (6) the history and characteristics of the defendant; (7) the Sentencing Guidelines range; and (8) the need to avoid [unwarranted] sentencing disparities.

*Id.* at 1297 n.1 (citing 18 U.S.C. § 3553(a)). However, we will not substitute our judgment for that of the district court by re-weighing the relevant factors from § 3553(a). *United States v. Amedeo*, 487 F.3d 823, 832 (11th Cir.), *cert. denied*, 128 S. Ct. 671 (2007). Though we do not presume a sentence within the Guidelines range is reasonable, *United States v. Campbell*, 491 F.3d 1306, 1313 (11th Cir. 2007), we have stated "there is a range of reasonable sentences from which the district court may choose, and when the district court imposes a sentence within the advisory Guidelines range, we ordinarily will expect that choice to be a reasonable one," *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005). "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both [the] record and the factors in section 3553(a)." *Id.*

Velez-Nieves has failed to establish his 108-month sentence was substantively unreasonable. In calculating the Guidelines range, the district court refrained from grouping his convictions together because the two offenses constituted separate harms. Then, pursuant to U.S.S.G. § 3D1.4, the court applied a two-level increase to arrive at the applicable combined offense level. Velez-Nieves does not claim the court committed procedural error in calculating his Guidelines range. Instead, he contends the effect of the court's calculation was to increase his sentence based on his status as an illegal alien, and as a result, the court should have imposed a sentence below the advisory Guidelines range. However, Velez-Nieves offers no legal support for his claim that the court improperly based its sentence on his status as an illegal alien. After correctly calculating the Guidelines range, the district court considered this status argument and the factors in § 3553(a) before imposing a sentence at the low end of the range. Ordinarily, we expect such a sentence to be reasonable. *See Talley*, 431 F.3d at 788. The court offered a detailed explanation of its sentence, noting it was based, in part, on the need for deterrence and the seriousness of the offenses. Velez-Nieves's sentence is well below the statutory maximums of 40 years' imprisonment for the conspiracy count and 20 years' imprisonment for the illegal

re-entry count.  Thus, after a review of the record and upon consideration of the briefs of the parties, we discern no reversible error.

**AFFIRMED.**