[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPT 11, 2008
THOMAS K. KAHN
CLERK

No. 07-14158
Non-Argument Calendar

_____

D. C. Docket No. 06-00509-CR-T-23-MSS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PEDRO ARAGONES-DELGADO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(September 11, 2008)**

Before BIRCH, DUBINA and BLACK, Circuit Judges.

PER CURIAM:

Pedro Aragones-Delgado appeals his concurrent 151-month sentences for conspiracy to distribute and to possess with intent to distribute 5 kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846, and distribution and possession with intent to distribute 5 kilograms or more of cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A), and 18 U.S.C. § 2. Aragones-Delgado contends his sentence was substantively unreasonable because there is an unwarranted disparity between his sentence and those of his codefendants, and the facts and circumstances of his case warranted a below-guidelines sentence.

After *United States v. Booker*, 125 S. Ct. 738 (2005), we established a two-part process for district courts to use in calculating sentences. *United States v. McBride*, 511 F.3d 1293, 1297 (11th Cir. 2007). First, the district court must consult and correctly calculate the range recommended by the Sentencing Guidelines. Second, the district court must fashion a reasonable sentence in light of the factors enumerated in 18 U.S.C. § 3553(a). *Id.*

The substantive reasonableness of a sentence is reviewed under an abuse-of-discretion standard. *United States v. Pugh*, 515 F.3d 1179, 1190 (11th Cir. 2008) (citing *Gall v. United States*, 128 S. Ct. 586, 597 (2007)). Under this standard, we will only reverse if the district court made a clear error of judgement. *Id.* at 1191.

2

We review a sentence for substantive reasonableness in light of the factors listed in § 3553(a). *McBride*, 511 F.3d at 1296-97. Those factors are the following:

> (1) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (2) the need for deterrence; (3) the need to protect the public; (4) the need to provide the most effective correctional treatment or medical care; (5) the nature and circumstances of the offense; (6) the history and characteristics of the defendant; (7) the Sentencing Guidelines range; and (8) the need to avoid [unwarranted] sentencing disparities.

*Id.* at 1297 n.1 (citing 18 U.S.C. § 3553(a)). However, we will not substitute our judgment for that of the district court by re-weighing the relevant factors from § 3553(a). *United States v. Amedeo*, 487 F.3d 823, 832 (11th Cir.), *cert. denied*, 128 S. Ct. 671 (2007). Though we do not presume a sentence within the Guidelines range is reasonable, *United States v. Campbell*, 491 F.3d 1306, 1313 (11th Cir. 2007), we have stated "there is a range of reasonable sentences from which the district court may choose, and when the district court imposes a sentence within the advisory Guidelines range, we ordinarily will expect that choice to be a reasonable one," *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005). "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both [the] record and the factors in section 3553(a)." *Id.*

3

Aragones-Delgado has failed to establish his sentence was substantively unreasonable. First, the difference between Aragones-Delgado's sentence and the sentences of his codefendants was warranted. Aragones-Delgado did not plead guilty until after a jury was empaneled, while his codefendants cooperated with law enforcement officers from the beginning. Indeed, Aragones-Delgado admitted during his sentencing hearing that his codefendants earned their lower sentences. Thus, Aragones-Delgado and his codefendants were not similarly situated, and there was no unwarranted sentencing disparity. In addition, Aragones-Delgado has not established that the facts and circumstances of his case warranted a below-guidelines sentence. He received safety-valve relief and an acceptance-of-responsibility reduction based on his guilty plea and truthful proffer, and he has not shown his family obligations are so far out of the ordinary that the court abused its discretion in imposing a 151-month sentence. This sentence is not unreasonable, given the offense conduct involved 170 kilograms of cocaine, the sentence was at the bottom of the advisory Guidelines range, and the maximum available sentence was life imprisonment. Accordingly, we affirm.

**AFFIRMED.**

4