[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 16, 2008
THOMAS K. KAHN
CLERK

No. 08-10515
Non-Argument Calendar

_____

D. C. Docket No. 07-00019-CR-FTM-29-DNF

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LAWRENCE SMITH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(October 16, 2008)**

Before ANDERSON, DUBINA and PRYOR, Circuit Judges.

PER CURIAM:

Appellant Lawrence Smith appeals his 235-month sentence, imposed

following his conviction for possession with intent to distribute 5 grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(iii). On appeal, Smith argues that the district court imposed an unreasonable sentence in light of the factors in 18 U.S.C. § 3553(a) and because the court strictly applied the career offender provision in U.S.S.G. § 4B1.1.

We review the final sentence imposed by the district court for reasonableness. *United States v. Booker*, 543 U.S. 220, 264, 125 S. Ct. 738, 767, 160 L. Ed. 2d 621 (2005); *United States v. Crawford*, 407 F.3d 1174, 1179 (11th Cir. 2005). Specifically, the district court must impose a sentence that is both procedurally and substantively reasonable. *Gall v. United States*, 552 U.S. ___, ___, 128 S. Ct. 586, 597, 169 L. Ed. 2d 445 (2007). A sentence may be procedurally unreasonable if the district court improperly calculates the guidelines range, treats the Sentencing Guidelines as mandatory rather than advisory, fails to consider the appropriate statutory factors, selects a sentence based on clearly erroneous facts, or fails to explain adequately the chosen sentence. After an appellate court has determined that the sentence is procedurally sound, *Gall* directs that the appellate court review the substantive reasonableness of a sentence under an abuse-of-discretion standard. *Id.* The review for substantive reasonableness involves examining the totality of the circumstances, including an inquiry into

2

whether the statutory factors in § 3553(a) support the sentence in question. *Id.* at

___, 128 S. Ct. at 597-600.

In its consideration of the § 3553(a) factors, the district court does not need

to discuss or state each factor explicitly. *United States v. Scott*, 426 F.3d 1324,

1329 (11th Cir. 2005). Instead, an acknowledgment by the district court that it has

considered the defendant's arguments and the § 3553(a) factors will suffice. *Id.* at

1330. We will defer to the judgment of the district court in the weight given to the

§ 3553(a) factors unless the district court has made "a clear error of judgment" and

has imposed "a sentence that lies outside the range of reasonable sentences dictated

by the facts of the case." *United States v. McBride*, 511 F.3d 1293, 1297-98 (11th

Cir. 2007) (quotation omitted).

Pursuant to § 3553(a), the sentencing court shall impose a sentence

"sufficient, but not greater than necessary, to comply with the purposes set forth in

paragraph (2) of this subsection," namely to reflect the seriousness of the offense,

promote respect for the law, provide just punishment for the offense, deter criminal

conduct, protect the public from future crimes of the defendant, and provide the

defendant with needed educational or vocational training or medical care. *See* 18

U.S.C. § 3553(a)(2). The sentencing court must also consider the following factors

in determining a particular sentence: the nature and circumstances of the offense

3

and the history and characteristics of the defendant, the kinds of sentences available, the guidelines range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *See* 18 U.S.C. § 3553(a)(1), (3)-(7).

The Supreme Court has held that, in reviewing sentences for reasonableness under § 3553(a), a federal appellate court may apply a presumption of reasonableness to a district court sentence imposed within the guidelines range. *Rita v. United States*, 551 U.S. ___, ___, 127 S. Ct. 2456, 2462, 168 L. Ed. 2d 203 (2007). Nevertheless, we do not apply a presumption of reasonableness to a sentence that is within the properly calculated guidelines range. *See United States v. Campbell*, 491 F.3d 1306, 1313-14 & n.8 (11th Cir. 2007). Instead, we ordinarily expect a sentence within the guidelines range to be reasonable, and the appellant has the burden of establishing that the sentence is unreasonable in light of the record and the § 3553(a) factors. *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005).

We conclude from the record that Smith cannot show that his sentence was unreasonable because he did not challenge the calculation of his guideline range and the district court properly considered all the factors in 18 U.S.C. § 3553(a) and imposed a sentence at the lowest point in his guideline range that was supported by

4

the § 3553(a) factors.  Accordingly, we affirm Smith's sentence.

**AFFIRMED.**