[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 28, 2008
THOMAS K. KAHN
CLERK

----------------------------------------

No. 07-12880
Non-Argument Calendar

----------------------------------------

D.C. Docket  No. 06-00107-CR-FTM-29-DNF

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN MARCOS BUENAVENTURA,
a.k.a. Juan M. Buenabentura,

Defendant-Appellant.

----------------------------------------------------------------
Appeal from the United States District Court
for the Middle District of Florida
----------------------------------------------------------------

**(October 28, 2008)**

Before EDMONDSON, Chief Judge, HULL and PRYOR, Circuit Judges.

PER CURIAM:

Defendant-Appellant Juan Marcos Buenaventura appeals his 96-month

sentence for illegal reentry by an alien previously deported as an aggravated felon,

in violation of 8 U.S.C. § 1326(a), (b)(2).  No reversible error has been shown; we affirm.

Defendant pled guilty to the crime charged in a one-count indictment. Because Defendant had 13 criminal history points, the presentence investigation report ("PSI") assigned Defendant a criminal history category of VI.  And because Defendant had been deported previously from the United States after having been convicted for a felony that is a crime of violence, a 16-level increase in his offense level was applied pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii).  The  PSI calculated Defendant's guidelines range to be 77 to 96 months; the statutory maximum term of imprisonment was 20 years.  Defendant made no objections to the PSI or the guidelines calculation.

Defendant's argument on appeal is that the district court imposed a substantively unreasonable sentence in the light of the section 3553(a) factors. According to Defendant, the district court overemphasized his past criminal history, failed to consider mitigating evidence, imposed a sentence greater than necessary and greater than is imposed typically on similarly-situated illegal reentrants.

Defendant's claim that the sentence imposed is unreasonable fails. Appellate review of the substantive reasonableness of a sentence -- whether inside

or outside the guidelines range -- is under an abuse-of-discretion standard. Gall v. United States, 128 S.Ct. 586, 597 (2007). This review is deferential; and "the party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both [the] record and the factors in section 3553(a)." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). Even if an appellate court disagrees with the weight the district court afforded the section 3553(a) factors, we will reverse only if the final sentence imposed lies outside the range of reasonable sentences. See United States v. McBride, 511 F.3d 1293, 1297-98 (11th Cir. 2007).

Defendant focuses especially on the district court's failure to impose a low-end guidelines range sentence in the light of the fact that his criminal history points -- 13 -- were the bare minimum required to trigger criminal history category VI status. See U.S.S.G. Ch. 5, Pt. A. (sentencing table). But the district court considered and rejected mitigation based on this argument because Defendant's record evidenced other unscored convictions: possession of a short-barrelled shotgun, evading arrest, and assault with bodily injury. Defendant's protestations to the contrary notwithstanding, the district court explained adequately why it was unpersuaded that Defendant's criminal history points supported a low-end sentence.

Nor are we otherwise persuaded by Defendant's section 3553(a) claims. No requirement exists that the district court articulate explicitly its reasoning attending the weight accorded the factors in the sentencing complex; "[r]ather, an acknowledgement by the district court that it has considered the defendant's arguments and the § 3553(a) factors will suffice." United States v. Bohannon, 476 F.3d 1246, 1248 (11th Cir.), cert. denied, 127 S.Ct. 2953 (2007).

The transcript of the sentencing hearing makes it clear that the district court considered the section 3553(a) factors. The district court adopted the factual statements contained in the PSI and noted that Defendant's criminal history spanned from 1981 to the present. Although -- as Defendant argues -- a period existed between 1981 and and 1994 during which no criminal history points accrued, the PSI reflected a consistent pattern of offenses -- many of which included battery -- from 1994 through 2006, when Defendant was arrested on drug-trafficking charges. The PSI also set out Defendant's record of multiple illegal reentries into the United States. The district court heard -- but was unpersuaded by -- Defendant's argument that his 20 May 2002 conviction for first degree burglary while armed and for resisting an officer with violence (the conviction that triggered U.S.S.G. § 2L1.2(b)(1)(A)(ii)'s 16-level increase) more appropriately should be viewed as a "domestic related incident." The district

court stated expressly that it had considered the PSI and the section 3553(a) factors, had determined that a within-guidelines sentence was appropriate, and considered the sentence imposed to be sufficient -- but not greater than necessary -- to achieve the purposes of sentencing as stated in section 3553(a).

The record reflects that the district court considered Defendant's arguments and had a reasoned basis for exercising its own legal decisionmaking authority. We cannot say the 96-month within-guidelines sentence imposed was "outside the range of reasonable sentences dictated by the facts of the case." United States v. Williams, 456 F.3d 1353, 1363 (11th Cir. 2006), cert. dismissed 127S.Ct. 3040 (2007), abrogated on other grounds Kimbrough v. United States, 128 S.Ct. 558 (2007). No abuse of discretion has been shown.

AFFIRMED.