[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 25, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-14851

_____

D.C. Docket No. 02-00345-CR-4-UWC-HGD

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

versus

ARTURO ZAVALA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(November 25, 2008)**

Before BARKETT and WILSON, Circuit Judges, and POGUE,* Judge.

PER CURIAM:

Arturo Zavala pled guilty to conspiring to distribute and to possess with the

_____

*Honorable Donald C. Pogue, United States Court of International Trade, sitting by designation.

intent to distribute methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A). The government appeals Zavala's 178-month sentence, imposed after a remand by a panel of this Court for resentencing consistent with United States v. Booker, 542 U.S. 220, 125 S. Ct. 738 (2005).

The government argues that Zavala's sentence is both procedurally and substantively unreasonable because the district court failed to properly consider the § 3553(a) sentencing factors, instead focusing on the perceived sentence disparity between similarly-situated codefendants. The government also argues that Zavala should not have received a sentence comparable to his codefendants, who received the benefit of § 5K1.1 motions based on their substantial assistance.

We review the final sentence imposed by the district court for reasonableness. United States v. Winingear, 422 F.3d 1241, 1245 (11th Cir. 2005) (citations omitted). A sentence may be procedurally unreasonable if the district court incorrectly calculates the Guidelines range, treats the Guidelines as mandatory, fails to properly consider the § 3553(a) sentencing factors, selects a sentence based on clearly erroneous facts, or fails to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range. Gall v. United States, 552 U.S. ___, 128 S. Ct. 586, 597 (2007). Substantive reasonableness requires that the totality of the circumstances be considered and

that the statutory factors of § 3553(a) support the sentence in question. Id.

"Reasonableness" review requires that we review the sentence under an abuse-of-discretion standard. Id. at 594 (stating that the Supreme Court's "explanation of 'reasonableness' review in the Booker opinion made it pellucidly clear that the familiar abuse-of-discretion standard of review now applies to appellate review of sentencing decisions"). If the sentence is outside the Guidelines range, we may consider the deviation "but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." Id. "The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." Id.

In this case, the underlying facts of the case are not disputed. It is also undisputed that the Guidelines range was properly calculated at the time of Zavala's initial sentencing, and the Guidelines were not treated as mandatory. The real question before us is whether the § 3553(a) sentencing factors were appropriately considered by the district court.

The factor in § 3553(a) bearing on disparities in sentencing provides: "The court, in determining the particular sentence to be imposed, shall consider . . . the need to avoid unwarranted sentence disparities among defendants with similar

3

records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6).

Additional factors in § 3553(a) include: (1) the nature and circumstances of the

offense; (2) the history and characteristics of the defendant; (3) the need for the

sentence imposed to reflect the seriousness of the offense, to promote respect for

the law, and to provide just punishment; (4) the need to protect the public; and (5)

the Guidelines range. 18 U.S.C. § 3553(a).

In considering these factors, the court is not required to state on the record

that it has explicitly considered each of them or explain in detail which played a

particular role in sentencing.  "[N]othing in Booker or elsewhere requires the

district court to state on the record that it has explicitly considered each of the §

3553(a) factors or to discuss each of the § 3553(a) factors."  United States v. Scott,

426 F.3d 1324, 1329; United States v. McBride, 511 F.3d 1293, 1297 (11th Cir.

2007) ("[A] district court need not account for every § 3553(a) factor, nor must it

discuss each factor and the role that it played in sentencing.").  Instead, indications

in the record that the district court considered facts and circumstances falling

within § 3553(a)'s factors will suffice. See Scott, 426 F.3d at 1329-30.

Furthermore, as emphasized in Gall, the district court is best situated to

weigh factual circumstances.  See Gall,128 S. Ct. at 600 (holding that a district

court did not commit reversible error simply because it "attached great weight" to

4

one factor).  District courts are "in a superior position to find facts and judge their import under § 3553(a) in the individual case.  The judge sees and hears the evidence, makes credibility determinations, has full knowledge of the facts and gains insights not conveyed by the record."  Id. at 597.  Indeed, "[t]he weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court."  United States v. Clay, 483 F.3d 739, 743 (11th Cir. 2007) (quotation and citation omitted).

Moreover, this Court has noted that it will reverse a sentence as substantively unreasonable only when "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case."  United States v. Williams, 456 F.3d 1353, 1363 (11th Cir. 2006) (internal quotations omitted), abrogated on other grounds by Kimbrough v. United States, 128 S. Ct. 558 (2007).

Under these standards, we cannot say that the sentence imposed here was unreasonable.  Zavala and his four brothers became involved in the sale of methamphetamine.  Zavala's brother, Javier, was the head of the organization, and pursuant to the government's § 5K1.1 motion on his behalf, received a sentence of 188 months' imprisonment because he was able to provide assistance to the

5

government. In considering Zavala's sentence, the district court stated its belief that "the imposition of a greater sentence than 178, 180 months, would cause the public to question the justice of a system that imposes a greater sentence on a follower than a leader."

The record here indicates that the trial judge took into account the § 3553(a) factors and weighed them to impose the punishment required by statute: a sentence "sufficient, but not greater than necessary" to comply with the purposes of sentencing. 18 U.S.C. § 3553(a). The court noted that Arturo Zavala had not been in a position to provide the government with the kind of assistance provided by Javier and considered the nature of Arturo's participation in the drug scheme. The court noted that according to Javier's plea agreement, when Arturo first became involved in the endeavor it involved only "small and relatively unorganized [sales of ] crystal methamphetamine." It was only after Javier took over as leader that it became a large and coherent organization. The court concluded that based on the evidence, Arturo had a lesser role in the organization, whereas Javier had "brought into the region the majority of the methamphetamine sold there, . . . and [his] role in the organization placed him in a position to know significant details of individuals, groups of individuals, storage location, routes, prices, and overall distribution operations." Yet, Javier received a sentence of only 188 months, and

6

the other family members who also had 15 kilos of methamphetamine attributed to each of them received sentences of 168 months.

It is not erroneous for the district court to have considered the "unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct" when the statute specifically mandates such consideration. The government argues that these defendants are not because Javier cooperated with the government and Arturo did not. Such an argument might have some merit if both defendants had equal information to provide to the government and one simply refused to produce it. That is not the case here as the district court found that Arturo had no information to trade for a lesser sentence. Moreover, this argument ignores the court's consideration of the relative culpability of the brothers and the role each played in the conspiracy. With reference to the other brothers, the court also considered that both Javier and Miguel were fugitives from justice for quite some time after the indictment was handed down, while Arturo was not.

We are satisfied that the district court considered all of the statutory sentencing factors as it noted:

> THE COURT: Well, I'm specifically finding that this sentence, the 178- months' sentence is sufficient, but not greater necessary to comply with the statutory purposes of sentencing set forth in subparagraph 2 of the section. I've considered the nature and

7

circumstances of the crime, the history and characteristics of this defendant; and I consider that this sentence does reflect the seriousness of the crime, it's right at 15 years. It promotes respect for the law; I believe that any higher sentence would promote disrespect for the law. I believe it provides just punishment for the offense, as well as affording adequate deterrence to criminal conduct.

We cannot say that the district court abused its discretion in finding that 15 years was a reasonable sentence for Arturo Zavala under the facts of this case.

**AFFIRMED.**