[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Nov. 16, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-11498
Non-Argument Calendar

_____

D. C. Docket No. 08-00260-CR-01-CAP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RONALD CHRISTOPHER WHITE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(November 16, 2009)

Before TJOFLAT, BIRCH and WILSON, Circuit Judges.

PER CURIAM:

Ronald Christopher White appeals his sentence for possession of a firearm

by a convicted felon, in violation of 18 U.S.C. § 922(g), and possession of an unregistered sawed-off shotgun, in violation of 26 U.S.C. § 5861(d). He alleges that his sentence was both procedurally and substantively unreasonable. We find no abuse of discretion and AFFIRM.

## I. BACKGROUND

White was indicted in count one for being a convicted felon[1] in knowing possession of three firearms on 20 May 2008. One of these firearms, an unregistered modified Remington shotgun, formed the basis for count two. White admitted at his guilty plea hearing that he knowingly had the firearms in his vehicle when he was stopped for driving under the influence.[2]

At the sentencing hearing, White objected to a four-level enhancement in the presentence investigation report ("PSI") based on his alleged participation in an armed robbery and aggravated assault in Savannah, Georgia on 10 May 2008. The evidence connecting White to the latter crimes included (1) the robbery victim's identification of White from a photographic line-up; (2) the recovery of the victim's watch and cell phone from White during his 20 May 2008 arrest; and (3) a

---

[1] White was convicted in Florida in 1989 for second degree murder with a firearm, conspiracy to commit first degree murder, armed robbery with a firearm, and two counts of armed burglary. He was released from prison in 2006.

[2] White initially pled guilty in August 2008 pursuant to a plea agreement, but he later withdrew his plea based on a misunderstanding concerning sentencing issues. White then entered a guilty plea without a plea agreement in November 2008.

shell casing from the robbery that matched one of the pistols found in White's possession on 20 May 2008. Although a warrant for White's arrest was issued, he had not been indicted for the Savannah crimes as of his sentencing hearing in March 2009. The district court overruled White's objection to the sentencing enhancement, finding that a preponderance of the evidence showed White committed the Savannah offenses using a firearm found in his possession on 20 May 2008.

After disposing of the parties' objections[3], the district court calculated a total offense level of 28, which yielded a revised guidelines range of 87 to 108 months of imprisonment. White apologized for his mistakes, and his attorney requested a downward variance to 51 months based on White's character, his personal history, and his conviction for a mere status offense. In response, the government requested a high-end sentence of 108 months in light of White's possession of three loaded firearms, the Savannah incident, and his prior criminal record.

The district court sentenced White on each count to 96 months of imprisonment and 3 years of supervised release, with the terms to run concurrently. The court explained that it had considered the factors set forth in 18 U.S.C.

---

[3] The district court also overruled the government's objection to a two-point reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a), but sustained the government's objection to an additional one-point reduction under § 3E1.1(b). R5 at 17.

§ 3553(a) and determined that a mid-range sentence sufficiently addressed those factors, including those of deterrence and punishment. The court further emphasized its consideration of White's prior homicide conviction, the fact that he was found in possession of a modified shotgun that could easily be stowed in a bag with other firearms, the Savannah incident, and the apparent lack of interest among state authorities in prosecuting White for his role therein.

On appeal, White argues that his sentence is procedurally unreasonable because the district court utilized unreliable and uncharged information concerning the Savannah incident to determine his sentence. White also challenges the substantive reasonableness of his sentence on grounds that his sentence does not reflect White's personal characteristics, his difficult childhood, and his attempts to be a good parent and mentor young people. White suggests that the court focused unreasonably on punishment and deterrence, to the exclusion of other § 3553(a) factors.

## II. DISCUSSION

We review the reasonableness of a sentence under a deferential abuse-of-discretion standard. See United States v. Pugh, 515 F.3d 1179, 1190-91 (11th Cir. 2008). A sentence is procedurally reasonable if the district court consulted, considered, and properly calculated the Sentencing Guidelines. See id. at 1190. A

4

sentence is substantively reasonable if, considering all the circumstances, it achieves the sentencing purposes of § 3553(a).  See id. at 1191.  Although a court must consider all the § 3553(a) factors, it need not discuss each factor individually.[4]  See id. at 1191 n.8.  We may apply a presumption of reasonableness to sentences that fall within the guidelines range.  See id. at 1190.  "'The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court.'"  Id. (quoting Gall v. United States, 552 U.S. 38, ___, 128 S. Ct. 586, 597 (2007)).  Rather,

---

[4] 18 U.S.C. § 3553(a) delineates the following factors for a sentencing court's consideration:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed –
> > (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> > (B) to afford adequate deterrence to criminal conduct;
> > (C) to protect the public from further crimes of the defendant; and
> > (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range . . .;
> (5) any pertinent policy statement . . .;
> (6) the need to avoid unwarranted sentence disparities . . .; and
> (7) the need to provide restitution to any victim of the offense.

reversal under the abuse-of-discretion standard requires "a clear error of judgment in weighing the § 3553(a) factors[.]" Id. at 1191. The onus of demonstrating that a sentence is unreasonable lies on the party challenging the sentence. See United States v. McBride, 511 F.3d 1293, 1297 (11th Cir. 2007) (per curiam).

Section 2K2.1(b)(6) of the Sentencing Guidelines permits a four-level sentencing increase if a defendant convicted of unlawfully possessing a firearm has "used or possessed any firearm or ammunition in connection with another felony offense[.]" U.S.S.G. § 2K2.1(b)(6) (Nov. 2008). "Felony offense" is defined as "any federal, state, or local offense, other than the explosive or firearms possession or trafficking offense, punishable by imprisonment for a term exceeding one year, *regardless of whether a criminal charge was brought*, or a conviction obtained." U.S.S.G. § 2K2.1, comment. (n.14(C)) (emphasis added). Moreover, we have stated that a court may "consider relevant facts concerning a defendant's background, character, and conduct when imposing a reasonable sentence." United States v. Amedeo, 487 F.3d 823, 833 (11th Cir. 2007) (quotation marks and citation omitted). This includes consideration of a defendant's uncharged criminal acts so long as those acts are proved by a preponderance of the evidence. See United States v. Lindsey, 482 F.3d 1285, 1294-95 (11th Cir. 2007) (concluding that sentencing court did not abuse its discretion in considering defendant's alleged

6

conspiracy to commit bank robbery); see also 18 U.S.C. § 3661 ("No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence.").

We find no procedural error in the district court's calculation of White's sentence based on its consideration of the Savannah incident. As the record shows, the district court properly found by a preponderance of the evidence that White committed the Savannah armed robbery and aggravated assault using a firearm involved in the instant case. Not only did the Georgia Bureau of Investigation match a shell casing found at the scene of the Savannah incident to one of the pistols found in White's possession, but White was also identified by the victim and had the victim's watch and cellular phone. This information was obtained by a probation officer who interviewed a Savannah police detective. Thus, contrary to White's assertion, the information linking him to the incident was reliable and substantiated by the record. The fact that White had not yet been indicted for the Savannah offenses did not preclude the court's consideration of this incident. See Lindsey, 482 F.3d at 1294. Accordingly, the district court correctly increased White's sentence pursuant to U.S.S.G. § 2K2.1(b)(6).

White has also failed to show that his sentence is substantively

unreasonable. First, because his sentence fell within the guidelines range, it is subject to a presumption of reasonableness. See Pugh, 515 F.3d at 1190. Second, we find no support for White's assertion that the district court paid little attention to White's personal characteristics. A "district court need only acknowledge that it considered the § 3553(a) factors"; it is not required to explicitly discuss each one. Amedeo, 487 F.3d at 833 (quotation marks and citation omitted). Here, the district court satisfied this requirement by expressly stating that it had considered the various factors in § 3553(a). Although the court did not mention the mitigating factors suggested by White, such as his difficult upbringing or efforts at reform, the fact that the court rejected the government's request to sentence White at the high end of his guidelines range indicates that the court weighed these factors in fashioning White's sentence. See id. (concluding that the court's failure to discuss mitigating evidence did not mean that the court erroneously ignored this evidence).

Finally, we disagree with White's contention that the district court's concern with the Savannah incident resulted in a misunderstanding of the instant offense and an exclusive focus on punishing and deterring White. "The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the court, and we will not substitute our judgment in weighing the relevant factors." Id. at 832 (quotation marks, citation, and brackets omitted). Given

8

White's criminal history, which included second-degree murder with a firearm and armed robbery with a firearm, the court did not place undue weight on White's similar use of a firearm in the Savannah offenses. Furthermore, the court's sentence reflected consideration of other facts, such as White's prior murder conviction and his possession of a modified shotgun and other firearms in a gym bag. These facts pertain to § 3553(a)(1)'s consideration of the history of the defendant as well as the nature and circumstances of the instant offenses. See 18 U.S.C. § 3553(a)(1). White has not shown that the district court made a clear error in judgment in weighing the § 3553(a) factors. See Pugh, 515 F.3d at 1191. Accordingly, we conclude that White's sentence was reasonable.

## III. CONCLUSION

Based on the foregoing, we find no abuse of discretion in White's sentence. The district court committed no procedural error in enhancing White's sentence based on his uncharged conduct in Savannah. The court also properly weighed the § 3553(a) factors and imposed a reasonable sentence in the middle of White's advisory guidelines range. We therefore AFFIRM White's judgment of conviction and sentence.

**AFFIRMED.**