[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-13650
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 14, 2010
JOHN LEY
ACTING CLERK

D. C. Docket No. 09-00052-CR-WTM-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SHAKEEM RENEE SINGLETON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(January 14, 2010)

Before BARKETT, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Shakeem Renee Singleton appeals her 36-month sentence imposed following her guilty plea to interstate travel in aid of a racketeering enterprise, in violation of 18 U.S.C. § 1952(a)(3). On appeal, Singleton argues that, given the

facts of her case, which includes her <u>de minimis</u> involvement in an overall drug conspiracy, the district court erred when it sentenced her to a term of imprisonment, rather than probation. After careful review, we affirm.

We review the ultimate sentence a district court imposes for "reasonableness," which "merely asks whether the trial court abused its discretion." <u>United States v. Pugh</u>, 515 F.3d 1179, 1189 (11th Cir. 2008) (quoting <u>Rita v. United States</u>, 551 U.S. 338, 351 (2007)).

In reviewing sentences for reasonableness, we perform two steps. <u>Pugh</u>, 515 F.3d at 1190. First, we must "'ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence -- including an explanation for any deviation from the Guidelines range.'" <u>Id.</u> (quoting <u>Gall v. United States</u>, 552 U.S. 38, 51 (2007)).[1] The district court need not state on the record that it explicitly

---

[1] The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

considered each factor and need not discuss each factor. United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005). Rather, "an acknowledgment by the district court that it has considered the defendant's arguments and the factors in section 3553(a) is sufficient" under United States v. Booker, 543 U.S. 220 (2005). Id. When the district court imposes a within-guidelines sentence, it need only "set forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." Rita, 551 U.S. at 356.

If we conclude that the district court did not procedurally err, we must consider the "'substantive reasonableness of the sentence imposed under an abuse-of-discretion standard,'" based on the "'totality of the circumstances.'" Pugh, 515 F.3d at 1190 (quoting Gall, 552 U.S. at 51). A sentence may be substantively unreasonable if it does not achieve the purposes of sentencing stated in 18 U.S.C. § 3553(a). Id. at 1191. Thus, we will reverse a procedurally proper sentence only if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." United States v. McBride, 511 F.3d 1293, 1297-98 (11th

3

Cir. 2007) (internal quotation omitted). A sentence within the guidelines range is ordinarily expected to be reasonable. Talley, 431 F.3d at 788.

The weight accorded to the § 3553(a) factors is left to the district court's discretion, and we will not substitute our judgment in weighing the relevant factors. United States v. Amedeo, 487 F.3d 823, 832 (11th Cir. 2007). "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both the record and the factors in section 3553(a)." United States v. Thomas, 446 F.3d 1348, 1351 (11th Cir. 2006) (quotation and brackets omitted).

As an initial matter, and as noted by the government, Singleton is essentially challenging the reasonableness of the district court's imposition of a sentence of imprisonment. Singleton has not shown, however, that her sentence is procedurally unreasonable. The district court did not err in calculating Singleton's applicable guideline range, and did not treat the guidelines as mandatory.

Nor has Singleton shown that her sentence is substantively unreasonable. Before announcing her sentence, the court noted that it had considered the statements of the parties, the facts of the case, and the presentence investigation report, which contained the recommended, but not mandatory, guideline range, and the § 3553(a) factors. The court then sentenced her to 36 months' imprisonment,

4

24 months less than the recommended guideline range. In explaining its reasoning for varying from the recommended sentence, the court observed that it had considered Singleton's minimal role in the offense, the sentences of her co-conspirators, and the lack of benefit that she received as part of the conspiracy, unlike her co-conspirators.

However, the district court also noted that it was "not naive enough to believe that [Singleton] did not willfully have a pretty good idea of what was going on in this case." Nonetheless, the court explained that a 36-month sentence reflected the seriousness of the offense, would promote respect for the law, would provide just punishment for Singleton, and would afford adequate deterrence for any further criminal conduct. Although a sentence of probation may have been available pursuant to the statute under which Singleton was convicted, there is no indication that the "district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case," and Singleton's argument that she should have been sentenced to probation, rather than imprisonment, fails to demonstrate that her sentence was unreasonable. See McBride, 511 F.3d at 1297-98. Accordingly, we affirm.

**AFFIRMED.**