[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 24, 2010
JOHN LEY
CLERK

No. 09-12841
Non-Argument Calendar

_____

D. C. Docket No. 08-00451-CR-T-26-MAP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GUILLERMO ESPINO-MACREE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 24, 2010)

Before EDMONDSON, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

Defendant-Appellant Guillermo Espino-Macree appeals his 97-month sentence imposed after he pled guilty (1) to conspiracy to possess with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of 21 U.S.C. § 960(b)(1)(B)(ii) and 46 U.S.C. § § 70503(a), (b); and (2) to aiding and abetting possession with intent to distribute five kilograms or more of cocaine while aboard a vessel, in violation of 21 U.S.C. § 960(b)(1)(B)(ii), 46 U.S.C. § § 70503(a), 70506(a), and 18 U.S.C. § 2. No reversible error has been shown; we affirm.

From Espino-Macree's base offense level of 38 (applicable to offenses involving at least 150 kilograms of cocaine), two levels were subtracted for satisfying the safety-valve criteria of U.S.S.G. § 5C1.1, and another three levels were subtracted for acceptance of responsibility. With his criminal history category of 1, the guideline range was 135 to 168 months; the statutory range was 10 years' to life. Because Espino-Macree met the safety-valve criteria, the court was authorized to sentence him based on the applicable guideline range without constraint by the statutory minimum. See 18 U.S.C. § 3553(f)(1)-(5). Also, the government filed a motion for a three-level downward departure pursuant

to U.S.S.G. § 5K1.1 based on his cooperation.  With the additional three-level

downward departure, Espino-Macree's guideline range was 97 to 121 months; a 97-

month sentence was imposed.

Espino-Macree argued before the district court -- and argues again on appeal

-- that it was error to fail to award him a downward adjustment for having a minor

role in the offense.  Espino-Macree acknowledges that he was the vessel's

mechanic, that he assisted in loading cocaine onto the vessel, and that the vessel

was carrying between 4,000 and 5,000 kilograms of cocaine.  But Espino-Macree

also contends that he only learned of the cocaine to be delivered to the vessel after

the vessel had left port, he had no ownership interest in the cocaine, he had no

navigational skills, he played no part in organizing the venture, and he was not

associated with a drug cartel.  According to Espino-Macree, his role -- as was the

role of most all the other crew members -- was minor when compared with that of

unindicted co-conspirators who had an ownership in the drugs and held managerial

positions in the drug cartel.

We review for clear error a district court's determination of a defendant's

role in the offense.  United States v. De Varon, 175 F.3d 930, 937 (11th Cir. 1999).

Under U.S.S.G. § 3B1.2(b), "[a] defendant warrants a two-level reduction for

playing a minor role in an offense if he is less culpable than most other participants,

although his role could not be described as minimal." United States v. Ryan, 289 F.3d 1339, 1348 (11th Cir. 2002). The defendant bears the burden of establishing his role by a preponderance of the evidence. De Varon, 175 F.3d at 939.

We have set out two elements that inform the sentencing court's determination about a defendant's role in an offense: (1) the defendant's role in the relevant conduct for which has been held accountable; and (2) the defendant's role as compared to that of other participants in his relevant conduct. Id. at 940. About the first element, De Varon explains that "[o]nly if the defendant can establish that [he] played a relatively minor role in the conduct for which [he] has already been held accountable -- not a minor role in any larger criminal conspiracy -- should the district court grant a downward adjustment for minor role in the offense." Id. at 944. About the second element, De Varon counsels that this relative culpability inquiry includes "only those participants who were involved in the relevant conduct attributed to the defendant. The conduct of participants in any larger criminal conspiracy is irrelevant." Id. The first element is the more important and, in many cases, may end the inquiry. See id. at 945.

The district court committed no clear error in determining that Espino-Macree's role in the offense was more than minor. About the first element, Espino-Macree's sentence was based only on the relevant conduct for which he was held

accountable at sentencing: the 3,000 to 4,000 kilograms of cocaine aboard the vessel. Espino-Macree's role in the offense included serving as the vessel's mechanic, assisting with uploading the cocaine onto the vessel, assisting in concealing the drugs, and scuttling the vessel once the United States Coast Guard began its search. The district court was unpersuaded -- especially in the light of the substantial quantity of cocaine being transported -- that Espino-Macree carried his burden of showing he should receive the benefit of a minor role adjustment. And the district court noted correctly that, as the vessel's mechanic, Espino-Macree played a more fundamental role than other crewmen aboard the vessel. Our precedent forecloses Espino-Macree's claimed entitlement to a minor role adjustment: that his role -- however similar to that of other crew members -- was minor in the context of a broader criminal scheme that involved conduct for which he was not held accountable supports no adjustment. See De Varon, 175 F.3d at 941.[1]

Espino-Macree also argues that his low-end of the guidelines range sentence was substantively unreasonable in the light of his personal history and characteristics. He contends that his requested sentence of 70 months would be

---

[1]We see no merit to Espino-Macree's argument based on Amendment 668, adopted after our decision in De Varon. Amendment 668 applies to defendants who have already received a minor role reduction; it offers no relief to defendants who fail to establish entitlement to the reduction.

reasonable.[2]

We review the reasonableness of a sentence in the light of the factors set out in 18 U.S.C. § 3553(a). A deferential abuse of discretion standard governs our review. Gall v. United States, 128 S.Ct. 586, 597 (2007). The party challenging a sentence in the light of the record and the section 3553(a) factors bears the burden of establishing that a sentence is unreasonable. United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). We do not deem a sentence within the advisory guidelines range per se reasonable, id. at 787; but "ordinarily we would expect a sentence within the Guidelines range to be reasonable." Id. And we will not vacate a sentence as unreasonable unless we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the section 3553(a) factors by arriving at a sentence that lies outside the range or reasonable sentences dictated by the facts of the case." United States v. McBride, 511 F.3d 1293, 1297-98 (11th Cir. 2007), quoting United States v. Williams, 456 F.3d 1353, 1363 (11th Cir. 2006).

It is clear from the record that the district court listened to Espino-Macree's

_____

[2]In support of a 70-month sentence, Espino-Macree argues (1) his age makes him an unlikely recidivist; (2) he did not know the vessel was to engage in cocaine smuggling until after it left port; (3) his sincere willingness to behave lawfully was evidenced by the substantial assistance he provided the government; and (4) his need to be reunited with his 12-year-old daughter who suffers from leukemia.

arguments in support of a below guidelines range sentence; it is also clear from the record that the district court considered the advisory guideline range and the section 3553(a) factors to fashion a sentence that was reasonable, sufficient, but not greater than the district court deemed necessary to comply with the statutory purposes of sentencing. That the defendant disagrees -- or even if we were to disagree -- with the sentencing court's relative weighing of facts and circumstances is of no moment absent a showing of a clear error of judgment; and no such error has been shown.

AFFIRMED.