[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 10, 2010
JOHN LEY
CLERK

No. 09-14486
Non-Argument Calendar
_____

D. C. Docket No. 09-00260-CR-BBM-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID CABRERA-SANCHEZ,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(September 10, 2010)

Before EDMONDSON, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

Defendant-Appellant David Cabrera-Sanchez pleaded guilty in violation of 8 U.S.C. §§ 1326(a) and (b)(2) to being present in the United States without permission after previously being removed. On appeal, Cabrera-Sanchez argues that his 41-month sentence is substantively unreasonable. No reversible error has been shown; we affirm.

Cabrera-Sanchez's base offense level was 8, but he received a 16-level enhancement because of a prior conviction for a felony drug-trafficking offense. He also received a 3-level reduction for acceptance of responsibility, resulting in a total offense level of 21. With Cabrera-Sanchez's criminal history category of II, his applicable guidelines range was 41-51 months. His offense of conviction carried a statutory maximum of 240 months. 8 U.S.C. § 1326(b)(2). The district court sentenced Cabrera-Sanchez to 41 months of incarceration (the bottom of the guidelines range) and a 3-year term of supervised release.

Cabrera-Sanchez argues that his sentence was substantively unreasonable in the light of his personal history and characteristics. He contends that the district court should have granted his request for a sentence below the applicable

guidelines range.[*]

We review the reasonableness of a sentence in the light of the factors set out in 18 U.S.C. § 3553(a). A deferential abuse of discretion standard governs our review. Gall v. United States, 128 S. Ct. 586, 597 (2007). The party challenging a sentence in the light of the record and the section 3553(a) factors bears the burden of establishing that a sentence is unreasonable. United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). We do not deem a sentence within the advisory guidelines range per se reasonable, but "ordinarily we would expect a sentence within the Guidelines range to be reasonable." Id. at 787-88. And we will not vacate a sentence as unreasonable unless we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the section 3553(a) factors by arriving at a sentence that lies outside the range or reasonable sentences dictated by the facts of the case." United States v. McBride, 511 F.3d 1293, 1297-98 (11th Cir. 2007) (quoting United States v. Williams, 456 F.3d 1353, 1363 (11th Cir. 2006)).

That the district court considered Cabrera-Sanchez's arguments in support of

---

[*]In support of a lower sentence, Cabrera-Sanchez argues that (1) he returned to the United States to be with his family, for whom he is the chief source of financial support; (2) his family now plans to move to Mexico with him and he will never return to the United States; (3) although he has previously been deported, he has never previously been incarcerated for being in the country illegally; and (4) his offense was a victimless crime, his previous drug-related conviction is 9 years old, and he has no history of violence.

3

a below-guidelines-range sentence is clear. The district court expressly recognized Cabrera-Sanchez's desire to be with his family, but also indicated concern about Cabrera-Sanchez's prior 4 deportations. That the district court considered the advisory guideline range and the section 3553(a) factors when fashioning the sentence is also clear.

In the circumstances of this case, we cannot say that Cabrera-Sanchez's sentence at the bottom of the guidelines range was substantively unreasonable. The sentencing court's relative weighing of facts and circumstances is given deference absent a showing of a clear error of judgment; and no such error has been shown.

AFFIRMED.