[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-14732
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 21, 2012
JOHN LEY
CLERK

D.C. Docket No. 1:11-cr-00203-ODE-GGB-1


UNITED STATES OF AMERICA,

                                                        Plaintiff-Appellee,

versus

ANTONIO FLORES-CRUZ,
a.k.a. Roberto Garcia,

                                                        Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(June 21, 2012)


Before DUBINA, Chief Judge, MARCUS and BLACK, Circuit Judges.

PER CURIAM:

Appellant Antonio Flores-Cruz appeals his sentence of 46 months in prison, imposed at the low end of the applicable guideline range, after pleading guilty to 1 count of illegal reentry of a previously deported alien subsequent to an aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b)(2). On appeal, Flores-Cruz argues that his sentence was unreasonable because the district court failed to consider adequately the relative lack of seriousness of a prior felony conviction used to enhance his guideline sentencing range under U.S.S.G. § 2L1.2(b)(1)(A)(ii).

"We review the final sentence imposed by the district court for reasonableness." *United States v. Agbai*, 497 F.3d 1226, 1229 (11th Cir. 2007). Reasonableness of a sentence is reviewed under a deferential abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 41, 128 S. Ct. 586, 591, 169 L. Ed. 2d 445 (2007). The party challenging the sentence bears the burden of showing that it was unreasonable in light of the record and the factors in 18 U.S.C. § 3553(a). *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir.), *cert. denied*, 131 S. Ct. 674 (2010).

The district court must impose a sentence "sufficient, but not greater than necessary, to comply with the purposes" listed in 18 U.S.C. § 3553(a)(2),

including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct.  *See* 18 U.S.C. § 3553(a)(2).  In imposing a particular sentence, the court must also consider, among other factors,  the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, and the pertinent policy statements of the Sentencing Commission.  *See generally id.* § 3553(a)(1), (3)-(7).

We first review the sentence for procedural error, "such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence–including an explanation for any deviation from the Guidelines range." *Gall*, 552 U.S. at 51, 128 S. Ct. at 597.  Once we determine that a sentence is procedurally sound, we examine whether the sentence was substantively reasonable in light of the totality of the circumstances.  *United States v. Shaw*, 560 F.3d 1230, 1237 (11th Cir. 2009).

"The review for substantive unreasonableness involves examining the totality of the circumstances, including an inquiry into whether the statutory

3

factors in § 3553(a) support the sentence in question." *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008). The "weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court." *United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008) (quotation omitted). Although we do not automatically presume a sentence falling within the guideline range to be reasonable, we ordinarily expect such a sentence to be reasonable. *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008). An indication of a reasonable sentence is a sentence imposed well below the statutory maximum sentence. *See Gonzalez*, 550 F.3d at 1324. (noting that the sentence imposed was "well below" the statutory maximum sentence). We will not "simply substitute [our] judgment for that of the sentencing court." *United States v. McBride*, 511 F.3d 1293, 1297 (11th Cir. 2007). We will not reverse unless we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (*en banc*) (internal quotation marks omitted), *cert. denied*, 131 S. Ct. 1813 (2011). A district court commits a clear error of judgment "when it considers the proper factors but balances them unreasonably." *Id.* at 1189.

Under U.S.S.G. § 2L1.2(b)(1)(A)(ii), a defendant is subject to a 16-level increase in his offense level if he was previously deported after a conviction for a crime of violence. A crime of violence includes such offenses as murder, manslaughter, kidnapping, aggravated assault, robbery, arson, extortion, or any other offense "that has as an element the use, attempted use, or threatened use of physical force against the person of another." *Id.* § 2L1.2 comment. (n.1(B)(iii)).

We conclude from the record that Flores-Cruz has failed to demonstrate that the district court abused its discretion by sentencing him to a term of imprisonment outside the range of reasonable sentences based on the facts of the case. Furthermore, the court properly considered the implications of his prior conviction, along with all other appropriate factors in § 3553(a). Accordingly, for the aforementioned reasons, we affirm Flores-Cruz's sentence.

**AFFIRMED.**