[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-11185

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

HASAN MALIK DAVIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:22-cr-20355-CMA-1

_____

Before ROSENBAUM, BRANCH, and GRANT, Circuit Judges.

PER CURIAM:

Hasan Davis appeals his sentence of 180 months' imprisonment for transporting child pornography in interstate commerce and possessing child pornography in the special maritime jurisdiction of the United States. On appeal, he argues that the district court erred in applying statutory sentencing enhancements based on Davis having Ohio state convictions "relating to" child pornography. After careful review, we affirm.

## I.    Background

Davis was indicted for transportation of child pornography in interstate commerce, in violation of 18 U.S.C. §§ 2256(2), 2252(a)(1) and (b)(1) (Count 1); and possession of child pornography in the special maritime jurisdiction of the United States, in violation of 18 U.S.C. §§ 2256(2), 2252(a)(4)(B) and (b)(2) (Count 2). He pleaded guilty to Counts 1 and 2 without a written plea agreement. Davis also admitted to being previously convicted of violating two Ohio statutes: (1) pandering sexually oriented material involving a minor, in violation of Ohio Rev. Code § 2907.322(A)(5), and (2) illegal use of a minor in nudity-oriented material or performance, in violation of Ohio Rev. Code Ann. § 2907.323(A)(3).

The presentence investigation report ("PSI") described the following offense conduct. In July 2022, Davis entered the United States aboard a cruise ship arriving from the Bahamas. Customs

23-11185                    Opinion of the Court                    3

and Border Protection officers selected him for secondary inspection and searched his property, including his cellphone. While searching the cellphone, officers found files containing child pornography. Davis was arrested.

A subsequent forensic examination of Davis's phone showed over 100 images and at least 5 videos of minors engaged in sexually explicit conduct. Based on a video and image calculation pursuant to U.S.S.G. § 2G2.2, n.6(B)(ii), which defines a video as 75 images, Davis was responsible for a total of 475 images.

The PSI calculated a total offense level of 30 and a criminal history category of II, which resulted in a guideline imprisonment range of 108 to 135 months. The statutory imprisonment term for Count 1 was 15 to 40 years (or 180 to 480 months) pursuant to 18 U.S.C. § 2252(b)(1).[1]  The statutory imprisonment term for Count

---

[1] 18 U.S.C. § 2252(a)(1) applies to any person who:

> (1) knowingly transports or ships using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means including by computer or mails, any visual depiction, if--
>
> > (A) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and
> >
> > (B) such visual depiction is of such conduct[.]

And § 2252(b)(1) provides that anyone who violates the above will be "imprisoned for not less than 15 years nor more than 40 years"

> if such person has a prior conviction . . . under the laws of any State relating to aggravated sexual abuse, sexual abuse, or

4                          Opinion of the Court                    23-11185

2 was 10 to 20 years (or 120 to 240 months) pursuant to 18 U.S.C. § 2252(b)(2).[2]  The PSI explained that because the statutorily authorized minimum sentence imposed under Count 1 (180

---

> abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, or sex trafficking of children[.]

18 U.S.C. § 2252(b)(1).

[2] 18 U.S.C. § 2252(a)(4) applies to any person who:

> (A) in the special maritime and territorial jurisdiction of the United States . . . knowingly possesses, or knowingly accesses with intent to view, 1 or more books, magazines, periodicals, films, video tapes, or other matter which contain any visual depiction; or

> (B) knowingly possesses, or knowingly accesses with intent to view, 1 or more books, magazines, periodicals, films, video tapes, or other matter which contain any visual depiction that . . . has been shipped or transported using any means or facility of interstate or foreign commerce . . . , if--

>> (i) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and

>> (ii) such visual depiction is of such conduct[.]

And § 2252(b)(2) provides that anyone who violates the above will be "imprisoned for not less than 10 years nor more than 20 years" if they have a prior conviction "under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography[.]"

months) was greater than the maximum of the applicable guideline range (135 months), the guideline term became 180 months.

Davis objected to the PSI, arguing that sentencing enhancements based on his Ohio convictions should not have been applied because those convictions did not relate to the sexual abuse of children or child pornography.[3] He argued that, to determine whether the Ohio convictions "qualif[ied] as a prior conviction for the purposes of 18 USC 2252(b)(1)," they needed to be properly "examined under the categorical approach[.]"

Davis also requested a downward variance or departure. He said that his circumstances and characteristics showed that his wife had no concerns about his interactions with children. He also pointed to a learning disability, poor mental processing, depression, and other mental issues. An attached psychological evaluation and risk assessment from a clinical and forensic psychologist stated that "insufficient evidence exist[ed] to unequivocally determine [Davis's] sexual interest in minor children at th[e] time," and that "Davis [did] not currently meet any criteria for any paraphilic (sexual) disorder." The assessment concluded that Davis appeared to present a low risk of a "'hands-on' offense with an underage child."

The government opposed the motion, arguing in part that the Ohio convictions triggered the statutory sentencing

---

[3] He also objected to the inclusion of the Ohio offenses, arguing that "they ha[d] not been sufficiently described, documented[,] or proven."

enhancements under the categorical approach.  The government further asserted that the nature and circumstances of the offense, combined with Davis's history and characteristics, supported a lengthy term of imprisonment, as child pornography was harmful and Davis had recidivated.  The government added that there was a need to protect the public, promote respect for the law, and "deter [Davis] from engaging in the same conduct in the future."

During Davis's sentencing hearing, the court heard arguments from both sides about how to apply the categorical approach.[4]  The district court agreed with the government, concluding that Davis's convictions under the two Ohio statutes "did in fact relate to . . . child pornography" and that "the enhancement properly applie[d]."  The court adopted the PSI, sentencing Davis to 180 months' imprisonment as to Counts 1 and 2, to be served concurrently, followed by 10 years of supervised release.  The court added that even "if [it] was incorrect" in applying the sentencing enhancement, it would have still imposed the same sentence:

---

[4] The government argued that the categorical approach interprets the language of § 2252(b)(1) broadly, requiring that the underlying state offense "relate[] to" a child pornography offense in order to apply the mandatory minimum of 15 years (or 180 months).  The government further argued that the Ohio statutes related to child pornography.  Meanwhile, Davis argued for a stricter interpretation of the categorical approach, asserting that the 15-year mandatory minimum should not apply because the least culpable conduct that would violate the Ohio statute of conviction would not satisfy the federal definition of child pornography.

[S]hould [defense counsel] be correct in how I was required under the categorical approach to consider the Defendant's two prior convictions, I would, nevertheless, impose the sentence I'm going to announce now. In other words, if I was incorrect in agreeing with the Government, the sentence I announce now does not depend on that. It is guided by the 3553 factors, it is guided by the advisory guidelines. It is guided by the nature and circumstances of this defendant's offense conduct, by his history and characteristics, by the serious nature of the crime that brings the Defendant before the [c]ourt and by the need to provide deterrence and promote respect for the law and [protect] the public.

Davis timely appealed.

## II.    Discussion

On appeal, Davis argues that the district court erred in applying an enhanced sentence based on his prior Ohio state convictions because the Ohio convictions do not relate to the sexual abuse of a minor or child pornography. But Davis failed to address the district court's independent, alternative holding—that even if it incorrectly applied an enhanced sentence based on the prior Ohio convictions, it would have still imposed the same sentence under the § 3553(a) factors. A district court's judgment must be affirmed if an appellant fails to challenge each of the court's independent, alternative grounds for its ruling. *Sapuppo v. Allstate Floridian Ins.*, 739 F.3d 678, 680–81 (11th Cir. 2014); *see United States v. Maher*, 955 F.3d 880, 885 (11th Cir. 2020) (affirming

criminal conviction because appellant failed to address each independent ground for judgment against him).  Because Davis did not address the district court's alternative holding, we affirm the judgment.  *Id.*

Further, in any event, any potential error by the district court in applying an enhanced sentence based on the prior Ohio convictions was harmless.  The district court can render a proposed guidelines error harmless by stating that it would have imposed the same sentence even if the defendant prevailed on that issue.  *United States v. Keene*, 470 F.3d 1347, 1349–50 (11th Cir. 2006).  We will not "set aside [a] reasonable sentence and send the case back to the district court [where] it has already [said] that it would impose exactly the same sentence, a sentence we would be compelled to affirm." *Id.* at 1350.  That said, "[the] sentence imposed through the alternative or fallback reasoning of § 3553(a) must be reasonable." *Id.* at 1349.  The appellant has the burden of showing that his sentence would be unreasonable under this alternative range.  *Id.* at 1350.

We review the reasonableness of a sentence under the deferential abuse-of-discretion standard.  *United States v. Irey*, 612 F.3d 1160, 1180 (11th Cir. 2010) (en banc).  "A district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *Id.* at 1189 (quotations omitted).  "[T]he burden is on the defendant to prove

that his sentence is unreasonable in light of the record and § 3553(a)." *Keene*, 470 F.3d at 1350.

We examine whether a sentence is substantively reasonable by "consider[ing] the totality of the facts and circumstances." *Irey*, 612 F.3d at 1189. The § 3553(a) factors due consideration under statute in evaluating the appropriateness of a sentence include "the nature and circumstances of the offense," "the history and characteristics of the defendant," the need for a sentence to reflect the offense's seriousness, "promote respect for the law," "provide just punishment" and adequate deterrence, and "protect the public," the guideline range, and "the need to avoid unwarranted sentencing disparities" among similar offenders. 18 U.S.C. § 3553(a). "[A] district court need not account for every § 3553(a) factor, nor must it discuss each factor and the role that it played in sentencing." *United States v. McBride*, 511 F.3d 1293, 1297 (11th Cir. 2007). And the weight given to any specific § 3553(a) factor is "committed to the sound discretion of the district court." *United States v. Rosales-Bruno*, 789 F.3d 1249, 1254 (2015).

As to the characteristics of the defendant, we have explained that this factor is intended to "distinguish[] among defendants who commit a particular offense or type of offense." *Irey*, 612 F.3d at 1202. District courts may consider a wide range of conduct as it relates to this factor. *See* 18 U.S.C. § 3661 ("No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of

imposing an appropriate sentence."). For example, the district court may consider that the defendant "failed to accept responsibility" for his actions, "failed to show any remorse," and "would likely be a recidivist if released[.]" *United States v. King*, 751 F.3d 1268, 1281 (11th Cir. 2014).

The sentencing court also "has wide discretion to decide whether the [§] 3553(a) factors . . . justify a variance." *United States v. Rodriguez*, 628 F.3d 1258, 1264 (11th Cir. 2010), *abrogated on other grounds by Van Buren v. United States*, 593 U.S. 374 (2021). The court need not discuss each factor in its justification. *Gall v. United States*, 552 U.S. 38, 50 (2007). Even if an upward variance is imposed, a sentence that is well below the statutory maximum for the offense is more likely to be reasonable. *United States v. Dougherty*, 754 F.3d 1353, 1364 (11th Cir. 2014). The court "can rely on factors in imposing a variance that it had already considered imposing an enhancement." *Rodriguez*, 628 F.3d at 1264.

During sentencing, the district court said that the disputed guidelines issue did not affect its ultimate sentence, explaining that even if it incorrectly applied the categorical approach, its ultimate sentence was guided by the § 3553(a) factors and would have been the same regardless. Thus, for purposes of this opinion, we will assume there was a guidelines error and "then ask whether the final sentence . . . would still be reasonable" under the § 3553(a) factors considering the alternative guideline range, which would be 108 to 135 months. *Keene*, 470 F.3d at 1349.

Davis failed to make any argument on appeal to meet his burden of showing that his 180-month sentence would be unreasonable under the guideline range of 108 to 135 months. And considering the district court's application of the § 3553(a) factors, we conclude that Davis's 180-month sentence would still be substantively reasonable. Davis's sentence is well below the statutory maximum for both Counts 1 and 2, which is an indicator of reasonableness. *Dougherty*, 754 F.3d at 1364. And the district court reached this sentence after considering the parties' arguments, "the nature and circumstances of [Davis]'s offense conduct," Davis's "history and characteristics," "the serious nature of the crime," and "the need to provide deterrence and promote respect for the law and [protect] the public." *See Keene*, 470 F.3d at 1349–50; 18 U.S.C. § 3553(a) (listing these factors). Given the seriousness of the offense and the risk of reoffending, *King*, 751 F.3d at 1281, it was reasonable for the district court to determine that a longer sentence was necessary, and the district court adequately justified the upward variance. For this additional reason, we cannot say that the district court abused its discretion in deciding Davis's sentence.

**AFFIRMED.**